HARWOOD *v.* RAILROAD COMPANY.

1. Where a bill is filed by a third party to set aside as fraudulent completed judicial proceedings, regular on their face, the plaintiff in those proceedings should be brought in as a party.
2. Where such a bill is filed five years after the judicial proceedings which it is sought to set aside have been completed, the cause of so con-

---

* See *supra*, the preceding case.

siderable a delay should be specifically set out. And if ignorance of the frauds is relied on to excuse the delay it should be shown specifically when knowledge of the fraud was first obtained.

APPEAL from the District Court for the District of Indiana.

Harwood, March, and several other persons, representing that they were stockholders in the Cincinnati and Chicago Railroad, "a corporation now disorganized and unable to sue," filed, *on the 25th of December,* 1865, a bill in the court below against the Air-Line Railroad Company, one Brandt, and several additional persons, to vacate a decree rendered in the same court in the early part of the year 1860, in a suit by George Carlisle as trustee of a second mortgage on the road for the benefit of a certain second issue of bonds, against the said Cincinnati and Chicago Railroad Company. The suit of Carlisle had been for the foreclosure of the said mortgage upon the road, given to secure the second mortgage bonds; and, in form at least, had been regular. The bill in the present case alleged fraud and collusion in that suit between Carlisle and his confederates and certain other persons, who were lessees of the road and in its possession, and who had agreed to pay the interest on its mortgages. It alleged that by the concurrence of these several parties the road had been allowed to lose credit, and that the payment of interest on its second mortgage bonds was wilfully neglected in order that the property might be sold; that this arrangement had been carried out, and that the road had been sold and purchased in by the conspirators for about $25,000, when it was really worth about $2,000,000 above a first mortgage of the same sum to which it was subject; and that the stockholders in the original road were injured by this collusive and fraudulent sale.

The bill prayed that the said alleged collusive and fraudulent sale might be set aside, the complainants and their co-stockholders remitted to their original rights in the former corporation, and permitted to redeem the road from the first mortgage, still upon it.

*Carlisle was not made a party defendant to this bill.*

By way of showing why their bill was not earlier brought, the complainants alleged that they knew the road was leased out of the power of the company, as they supposed, until 1862, and that they knew that it had been sold as above set forth, except that they were entirely ignorant of the fraudulent acts, arrangements, and combinations by which the sale was brought about and executed; that they trusted in their officers and supposed that all was fairly done; that on the sale the corporation ceased practically to exist, and that the officers industriously concealed from the stockholders the frauds perpetrated, and that these last had no organ to act in the premises; that in 1865 they learned from divers sources (the war having previously directed attention from the matter), that frauds had been perpetrated, but that they did not learn particulars; that the stockholders were scattered in several States, and had to be consulted and measures taken to raise men and money to investigate the transactions; that this was done as expeditiously as disorganized and scattered stockholders could do it, and agents be employed to investigate facts and counsel be consulted.

The defendants demurred. The demurrer was sustained by the court below, and on appeal here the question now was upon the correctness of its said judgment.

*Mr. T. A. Hendricks, for the appellant; Messrs. McDonald, Roache, and Walker, contra.*

Mr. Justice HUNT delivered the opinion of the court.

We are of opinion that the judgment must be affirmed, for two reasons:

1. Mr. Carlisle, the plaintiff in the suit in which the decree is sought to be vacated, is not a party to this proceeding. In the former suit all the forms of law, at least, were complied with. The parties having interests which it was sought to foreclose were made parties, a decree was taken in the ordinary form that they be foreclosed and that the property be sold. A sale was had under which the present defendants claim title. This was done upon the prayer of

Mr. Carlisle, by his authority, and upon his procurement. Third parties now come into court and ask that all these proceedings, completed according to the forms of law, and sanctioned by the decree of the court, taken at the request of Mr. Carlisle and for which he is responsible, be vacated and declared fraudulent and void.  This is sought to be done without his knowledge, and no opportunity is given to him to sustain his decree or to rebut the alleged fraud, and no reason or excuse is given why he is not made a party. This is against authority and principle.  No case is cited to justify it, and it is believed that none can be found.  The judgments of courts of record would be scarcely worth obtaining if they could be thus lightly thrown aside.  The absence of the plaintiff in the original suit is a fatal defect.[*]

2. We are of the opinion also that there has been too great delay in initiating this suit, and that no sufficient excuse is given for it.  The sale was made five years before the commencement of this suit, and it is fairly to be inferred from the bill that the plaintiffs were aware of the proceedings as they progressed.  Their knowledge of the mortgage sale is expressly admitted.  The allegation of ignorance is, in general terms, of the fraudulent acts and arrangements. They do not allege when they acquired the knowledge, nor give a satisfactory reason why it was not sooner obtained. For aught that appears they have slept upon their knowledge for several years.  Without reference to any statute of limitations, the courts have adopted the principle that the delay which will defeat a recovery must depend upon the particular circumstances of each case.  This case does not show a sufficient degree of diligence to justify the overthrow of a decree of foreclosure, under which new rights and interests must necessarily have arisen.[†]   JUDGMENT AFFIRMED.

---

[*] Bowers *v.* Tallmadge, 16 Howard's Practice Reports, 325, in which the point was decided; Reigal *v.* Wood, 1 Johnson's Chancery, 402; Wright *v.* Miller, 8 New York, 1; Thompson *v.* Graham, 1 Paige, 384; Apthorpe *v.* Comstock, Hopkins, 143, in which it was assumed.

[†] Diefendorf *v.* House, 9 Howard's Practice Reports, 243; The Key City, 14 Wallace, 653.