## Abraham G. Becker, Appellant, v. Cornelius K. G. Billings et al., Appellees.

### Gen. No. 25,629.

1. CORPORATIONS, § 172*—*when stockholder must act to preserve rights.* A shareholder must use due diligence in the assertion of his rights to entitle him to relief, in equity, against a wrongful diversion of corporate funds, and negligence on his part in instituting proceedings will deprive him of relief.

2. EQUITY, § 78*—*what constitutes laches.* Delay which will defeat recovery on the ground of laches depends upon the particular circumstances in each case.

3. CORPORATIONS, § 172*—*when rights of stockholder are barred by laches.* Where a cause of action arose over 13 years before a supplemental bill was filed by a stockholder charging directors with misappropriation of corporate funds, when most of the directors charged had died and their estates had undergone varied changes, a demurrer to the bill was properly sustained on the ground of laches.

Appeal from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed December 31, 1920.

NEWMAN, POPPENHUSEN, STERN & JOHNSTON, for appellant; JACOB NEWMAN and CHARLES T. FARSON, of counsel.

COOKE, SULLIVAN & RICKS, for appellee Cornelius K. G. Billings; FRANCIS L. DAILY, EDWARD H. FIEDLER, JAMES J. GUINAN and JESSE J. RICKS, of counsel.

MCCULLOCH, MCCULLOCH & DUNBAR and BUTZ, VON AMMON & MARX, for certain appellees.

ROSENTHAL, HAMILL & WORMSER, for appellee Maurice Rosenfeld; LESSING ROSENTHAL, F. HOWARD ELDRIDGE and HERMAN L. ELLSWORTH, of counsel.

†See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SCOTT, BANCROFT, MARTIN & STEPHENS, for appellee Florence Grace Warren; FRANK H. SCOTT, HORACE H. MARTIN and GEORGE W. SWAIN, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a suit in equity by which appellant, a stockholder of the Home Savings Bank of Chicago, Illinois, seeks to recover damages for losses sustained by the bank, due, as alleged, to negligence of its directors. It was brought in behalf of all stockholders that might join in the action of appellant, the bank having refused, after due demand on it, to institute proceedings to redress the wrongs complained of.

The original bill was filed November 14, 1910, and made as the only defendants said bank and Cornelius K. G. Billings, one of its directors. A few days later a supplemental bill was filed, the only purpose of which was to restrain the then directors of the bank from consummating pending negotiations for the settlement of Billings' liabilities, and to secure the appointment of a receiver to prosecute the bank's claim or claims against him. A temporary injunction to that effect was granted, and upon amendment of the supplemental bill, December 20, 1910, a receiver was appointed for such limited purpose. On May 18, 1911, Billings entered his appearance and demurrer to the bill. A hearing on the demurrer was passed on stipulation, and the record, so far as questions here involved are concerned, stood in this shape until August 21, 1918, when appellant filed an amended and supplemental bill making as additional defendants the living directors and the heirs, or trustees or legal representatives of the estates, of the directors since deceased, who had served as such during the period when the acts of negligence, resulting in said losses, are alleged to have occurred, viz., from January 5, 1899 to December 18, 1905, when the bank failed and ceased doing

business.  Demurrers, general and special, were filed by most of the defendants, including said Billings, to said amended and supplemental bill, which were sustained, and this appeal is from the decree dismissing the bill for want of equity at complainant's costs.

The respective briefs present many points that need not be discussed, as in our opinion the demurrers of all said additional defendants were properly sustained on the ground of laches, and the action on the demurrer of Billings was in accord with the decisions in the case of *Wallach v. Billings,* 195 Ill. App. 605, and 277 Ill. 218, wherein practically the same charges were made against the same Billings as director of the Chicago National Bank.

The particular circumstances and facts are such as give prominence to the question of laches, which is concededly raised by the demurrers.  It is said in High on Injunctions, sec. 1206, and quoted in *Foss v. People's Gas Light & Coke Co.,* 241 Ill. 238:

"A shareholder must, however, use due diligence in the assertion of his rights to entitle him to relief, in equity, against a wrongful diversion of corporate funds or other misconduct on the part of the company, and negligence on his part in instituting proceedings will deprive him of the relief desired."

If, therefore, the circumstances of this case show such negligence and want of diligence as to bar relief, then we need not discuss the applicability of the statute of limitations, so fully argued, for "without reference to any statute of limitations, the courts have adopted the principle that the delay which would defeat a recovery must depend upon the particular circumstances in each case."  (*Harwood v. Cincinnati & C. Airline R. Co.,* 84 U. S. 78; *Badger v. Badger,* 2 Wall. [U. S.] 87.)

The theory of the amended and supplemental bill is that the losses complained of ensued from the concurrence of Billings' nonfeasance in failing to attend

any meetings of the board of directors and to exercise any supervision over the bank's affairs during the period when the funds of the bank are alleged to have been wrongfully diverted, with the misfeasance of the other directors whereby the bank's funds were so diverted and misappropriated. The substance of the averments is that John R. Walsh, one of the directors, owned and controlled various corporations referred to as "Walsh Corporations," and through his dominance and influence over the other directors of the bank, except Billings, such other directors were induced to loan the bank's funds on, or invest them in, bonds or other securities of said corporations, which were worthless and unmarketable, under circumstances charging them with knowledge of their character. These acts of negligence are alleged to have taken place during a period of 5 or 6 years preceding December, 1905, when, as a consequence thereof, the bank failed. The cause of action, therefore, arose over 13 years before these additional defendants were brought into the case, when most of the directors charged with misfeasance had died and their estates had passed into the hands of heirs, or trustees, or legal representatives, and had, presumably, undergone varied changes.

It is perfectly apparent from the bill that when the bank failed complainant knew, or was charged with knowing, the cause of its failure, for he avers no material facts with regard thereto that came to his knowledge at a later date. He then waited nearly 5 years before filing the original bill herein, in which he sought recovery from Billings alone on the ground of "negligent ignorance,"—the gist of the bill being that Billings by his inaction as aforesaid failed and neglected to prevent the misuse, misapplication and waste of the bank's funds by the other directors, and in that respect it rests on the same ground as the bill in the *Wallach* case. Without bringing the case

at bar to issue, complainant waited 8 years longer before attempting to proceed against the other directors or those succeeding to their property rights—possibly to their liabilities—and without any adequate explanation for such delay. It is clear from appellant's argument that the reason these additional defendants were made parties at such a late date was to obviate any question as to necessary parties to the bill, such as was discussed in the opinion of this court in the *Wallach* case. Whether these additional defendants were necessary parties is not a question raised on their demurrers, but, whether they have been brought into court under a state of circumstances upon which a court of equity will grant relief, is.

The doctrine is too firmly established to require discussion, that "a court of equity refuses to interfere where there has been gross laches in prosecuting the claim, or long acquiescence in the assertion of adverse rights." (*Badger v. Badger,* 2 Wall. [U. S.] 87; *Williams v. Rhodes,* 81 Ill. 571.) What was said on the subject in *McCoy v. Morrow,* 18 Ill. 519, is pertinent:

"Nor does the law favor stale demands and rights slept on, until other rights and interests have arisen and become involved, which, from the lapse of time and consequent difficulty of proof, may be jeopardized by the setting up and sustaining of the former."

It was also said in *Williams v. Rhodes, supra,* that delay until "the rights or liabilities of others, have, in the meantime been varied" might be amply sufficient to bar relief. Under the particular circumstances stated, therefore, we think that on the ground of laches, alone, the demurrers of the additional defendants were properly sustained.

Such conclusion, therefore, leaves Billings the only party defendant against whom relief is sought. While there is omitted from the amended and supplemental bill certain affirmative allegations contained in the bill

of *Wallach v. Billings* which tended to show fatal acquiescence on the part of the complainant-stockholder in that bill, yet, whether or not this bill is repugnant to demurrer on that ground, we think it presents one of the same grounds for demurrer on which the *Wallach* case was decided, viz., that Billings' inaction was not the proximate cause of the bank's failure.

The charges made against Billings in the two cases are practically identical, and rest upon no affirmative action or knowledge on his part which had any direct connection with the acts of misfeasance by the other directors, which the bill shows and appellant's counsel concede, were the direct cause of the bank's losses. The statement in appellant's brief, that as against Billings the cause of action in the amended and supplemental bill is the same as that in the original bill, recognizes that the latter was not changed by the later attempt to bring in additional defendants. In respect of the grounds of Billings' liability we find no averments in either the amended or the original bill which furnish ground for any vital distinction between this case and the *Wallach* case and, therefore, find no necessity for discussing the effect and insufficiency of almost identical averments of fact.

Furthermore, it is alleged in the bill that during the period when the principal losses of the bank were sustained all the directors except Billings "were under the direction and control of said Walsh and obeying his orders implicitly." And in appellant's brief it is stated that "the one circumstance which caused the bank to fail was the negligent acts of the said directors, in the face of full notice and knowledge, in purchasing from time to time, on the solicitation and importunity of John R. Walsh, the worthless securities of the Walsh corporations," and also that "from beginning to end, the negligence charged against the defendant Billings has been of 'negligent

ignorance' consisting in his failure to attend meetings of the board of directors and to keep himself informed as to the business and affairs of the bank, and failure to supervise and watch the business affairs of the bank.'' Upon appellant's own analysis of his cause of action it is not differentiated from that relied on in the *Wallach* case, and therefore the necessity of a fuller analysis of the bill may properly be dispensed with. So far as Billings is concerned, the averments in the bill before us, bearing on the question of proximate cause, are not materially different from those in the bill in the *Wallach* case, and, therefore, what was said in that case on that subject requires us to affirm the action sustaining his demurrer in the instant case, as well as the other demurrers herein.

*Affirmed.*

GRIDLEY and MATCHETT, JJ., concur.