**KARNEGIS et al. v. SCHOOLER et al.**

**Civil Action No. 83.**

District Court, N. D. Texas, San Angelo Division.

Oct. 16, 1944.

James C. Wilson, Jr., and Holloway & Hudson, all of Fort Worth, Tex., and Hurst & Burke, of Longview, Tex., for the motion.

James S. Grisham, of Dallas, Tex. and Thomas Y. Banks, of Tyler, Tex., opposed.

ATWELL, District Judge.

A suit was brought several years ago by residents of Illinois, as certificate holders, to displace James Gouras as syndicate manager in a trust for the development of 160 acres of land in Crockett County, Texas. Karnegis v. Gouras, No. 574, Dallas division.[1]

It was alleged and shown that Soma Oil and Gas Syndicate was the name of the entity to which Gouras assigned the title to the land, and that the joint venture was for the prospecting for oil in and under said land.

Gouras, as such manager, contracted with W. H. Schooler to drill. Schooler did drill three wells, known as Nos. 1, 2 and 3. The complainants represented that Gouras was unfaithful to this trust and was dissipating the funds and encumbering and transferring the property. That some of those transfers were made to Schooler. They asked that Gouras be removed, that the transfers be cancelled, that there be a proper accounting and audit, and for general relief.

It developed that Schooler had executed a deed of trust to the Continental National Bank of Fort Worth, and the Big Lake State Bank, for the payment of $30,000, secured by a deed of trust on the land, and dated July 23, 1941. This instrument was signed by Gouras and Schooler, and ran to Ed H. Winton as trustee, with power of sale, for the benefit of the mentioned banks.

On December 4, 1941, the court removed Gouras, set aside the transfers from him to Schooler, audited Gouras' accounts and rendered certain decrees settling the affairs and finances of the syndicate.

In the present suit there are thirteen plaintiffs, the most of whom were plaintiffs in the first suit, and four defendants. Twelve of the plaintiffs reside in the state of Illinois. One of the plaintiffs, Gouras, the manager mentioned in the first suit, resides in Texas. The Lain Oil and Gas Company, is a resident of the state of Illinois. Schooler, Black and Norman, are residents of Texas.

The suit seeks a setting aside of the sale made by trustee Winton, the cancellation of confirmatory orders made respecting that sale, and the recovery of the 160 acres, or,

in the alternative, judgment against all of the defendants for $130,000 damages. Cancellation of the transfer from trustee Winton to the purchasers is also prayed.

This suit alleges that the defendants, Norman, Black, Schooler, and the Lain Oil and Gas Company, the vendee of Norman and Black, conspired to and did, in fact, run, and cause to be run, from well No. 3, which was a gas well, to well No. 2, which was an oil well, a pipe, so that when engineer Gregory turned on the wells for the inspection by prospective purchasers not only well No. 3 appeared to be a gas well, but also well No. 2. That that was a fraud. That neither manager Williams nor the court knew of such fraud, and that, therefore, it is extrinsic fraud rather than intrinsic fraud.

Honorable Guinn Williams was appointed as successor manager. Several claims against the syndicate were adjudicated and allowed.

On March 20, 1942, the two banks asked permission to foreclose the deeds of trust for the balance due thereunder, to-wit, something over $17,000, it having been reduced to that amount by oil payments, from well No. 2 which was still producing and which oil payments had been assigned to the banks.

The court recognized that the banks had the right to foreclose without going into any court, or, by going into the state court, or, by seeking the permission of this court. An order was granted giving the permission and requiring that the sale be reported and the surplus, if any, turned over to manager Williams for distribution among the plaintiffs, as certificate holders, and, approved creditors.

Railroad Commissioner Engineer P. P. Gregory was employed to conduct a test of the wells on April 18, 1942.

At the sale, Norman and Black became the purchasers for $30,000 cash. Trustee Winton, who made the sale under the deed of trust, paid the amount that was due the banks and turned over the remainder to manager Williams. The sale was approved by the court, the creditors were paid, and the remainder disbursed to the plaintiffs.

Upon an application for a bill of particulars, the plaintiffs were required to disclose the agent of the defendants whom they claimed acted for the defendants in running the gas pipe from well No. 3 to well No. 2.

---

[1] No opinion for publication.

This they did by saying that Schooler did it, and that since he knew it, the other defendants knew it, as the plaintiffs claim that Schooler was their agent.

### First.

The defendants challenge jurisdiction. The simple statement of both causes of action shows that the present suit is not based upon diversity. All of the plaintiffs do not reside outside of Texas, nor do all the defendants reside in Texas. The proposition is so academic that it would be inappropriate to cite authorities.

### Second.

This suit is not ancillary to the original suit. The parties are different. The cause of action is different. There are parties deeply interested in the outcome of the present suit, who are not here at all. Those parties are the two banks and trustee Winton. Harwood v. Railroad, 84 U. S. 78, 80, 17 Wall. 78, 80, 21 L.Ed. 558; Cooperative Transit Co. v. West Penn. Elec. Co., 4 Cir., 132 F.2d 720; Smith v. Chase National Bank, 8 Cir., 84 F.2d 608. Third parties are not permitted to come into court and ask that proceedings completed according to the forms of law, be vacated, or, declared fraudulent, or, void, unless the original parties who secured the decree are parties to the new suit.

### Third.

The interesting question of whether the alleged fraud is extrinsic, or intrinsic, may be illuminated by a return to the old basic decision of United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93.

The motion as to jurisdiction must be sustained and the cause dismissed.