DAVID HELLER, complainant-appellant,

*v.*

PATRICK SWEENEY and NATIONAL ENGINEERING COMPANY,
defendants-respondents.

[Argued May term, 1927.    Decided December 23d, 1927.]

By virtue of section 116 of the Conveyance act (*2 Comp. Stat. 1910
p. 1573*), an agreement for the sale or purchase of lands in this state
is void as against subsequent purchasers for value unless the vendee
commences suit for specific performance within three months of the
date fixed in the agreement for its consummation, or if no date is
fixed, then within three months of the date of such agreement.

---

On appeal from a decree advised by Vice-Chancellor
Church, dismissing the complainant's bill of complaint.

*Messrs. Howe & Davis,* for the appellant.

*Mr. Alexander M. Goldfinger,* for the respondent Patrick
Sweeney.

*Mr. Arthur R. Lewis,* for the National Engineering Company.

PER CURIAM.

This was a suit for specific performance.   We do not find
it necessary to express an opinion on the soundness of the
views of the vice-chancellor to the effect that the contract at-
tempted to be enforced was not sufficiently definite in its
terms to warrant a court of equity to enforce it.

Our affirmance of the decree of the court of chancery is
based upon section 116 of the Conveyance act (*2 Comp.
Stat. 1910 p. 1573*), which reads as follows:

"Every agreement for the sale or purchase of any lands or real estate in this state, which hereafter shall be recorded, shall be absolutely void as against  *  *  *  subsequent purchasers  *  *  * for value of said lands or real estate unless the vendee  *  *  * within three months after the date fixed in such agreement for its consummation, or if no date shall be fixed in such agreement for its consummation, then within three months after the date of such agreement, shall commence suit for the specific performance of said agreement."

The contract was made and is dated December 24th, 1924. The complainant's bill of complaint was not filed until June 11th, 1926. No date was fixed for the consummation of the contract. Thus, by the plain language of the statute, under the facts of this case, it was incumbent upon the complainant to commence his action within three months after the date of such agreement, and since it appears that he failed to do so, the agreement became, by virtue of the statute, absolutely void as against subsequent purchasers for value.

For the reasons given by the vice-chancellor in that regard, the decree below is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.   13.

*For reversal*—None.