The sole question here is as to the rights of the parties under section 116 of the Conveyance act. This section sets forth "every agreement for the sale or purchase of any lands or real estate in this state which hereafter shall be recorded, shall be absolutely void as against subsequent judgment creditors of the vendor or vendors and as against subsequent purchasers and mortgagees for value of said lands or real estate, unless the vendee * * * within three months after the *Page 530 
date fixed in such agreement for its consummation * * * shall commence suit for the specific performance of said agreement."
Defendant Koplow made a contract of purchase of the lands in question on August 8th, 1925, and the contract was recorded February 25th, 1926. The purchase price was to be paid in installments, the later ones to be monthly and the deed was to be given when all the installment payments were made. By the terms of the contract as to the payments, the deed was to be given on March 23d 1929. By the last-mentioned date most of the contract price had been paid, but not all of it and the title was not transferred. In the meantime the vendor had transferred the premises to one Leiberfreund, who on the 18th day of April gave a mortgage to complainant.
Defendant Koplow claims that complainant had knowledge of his contract. This is denied by complainant who says that at the time he lent the money on the mortgage he was informed and believed that Koplow had forfeited his right and abandoned his contract. This section of the Conveyance act has been before the court in two recent cases and the law as laid down in them is to the effect that under the statute a vendee has no rights against a subsequent purchaser for value unless he complies with the statute by starting an action for specific performance within three months of the date when the deed was to be delivered. These cases are Heller v. Sweeney (Court of Errors and Appeals),102 N.J. Eq. 60, and Stack v. Sobocinski, 100 N.J. Eq. 414.
The statute by its terms provides that the contract shall be absolutely void unless complied with, against subsequent mortgagees for value. The statute does not refer to the question of notice, and the question as to whether complainant had notice or not of the vendee's rights is therefore immaterial. The vendee failed to start an action for specific performance until several months after the time when, by the terms of his contract, the deed was to be delivered, and has accordingly lost his rights thereunder as against the complainant. *Page 531