In October, 1929, one William Fink and his wife entered into a written agreement to sell certain real estate to defendant, Keystone Holding Company, and the agreement was duly recorded. The vendee paid the sum of $5,000 on account of the purchase price, which sum, by the terms of the agreement, was made a lien on the land. The time of closing was ultimately fixed for February 21st, 1930, but was not closed then or at any subsequent time. In the meantime, the interest of said Fink was sold under an execution, then by a mesne conveyance came into the hands of the Dean Holding Company. The Dean Holding Company, together with Fink and his wife, made an agreement on December 15th, 1930, whereby they agreed to convey the premises to complainants, and on January 2d 1931, did convey the premises to complainants.
On March 27th, 1930, defendant instituted suit in the Hudson county circuit court against Fink and his wife to recover the payment of $5,000 on the ground that Fink and his wife could not convey title.
Keystone Holding Company did not file a notice of lis pendens
until the very day of, and a few hours before, the conveyance to complainants. Complainants did, however, at the time of the conveyance have actual knowledge of the right, title and interest of defendant, and that the suit in the circuit court was pending.
Complainants bring this suit to have declared void the lien referred to in defendant's agreement to purchase. In my opinion they are entitled to this relief by the provisions of section 116 of the Conveyance act. This reads as follows:
"Every agreement for the sale or purchase of any lands or real estate in this state which hereafter shall be recorded shall be absolutely void as against * * * subsequent purchasers * * * for value of said lands or real estate unless the vendee * * * within three months after the date fixed in such agreement for its consummation * * * shall commence suit for the specific performance of said agreement or for its rescission * * * and shall file a notice of the pendency of such suit * * * setting forth the title of the cause and the general object thereof, together with a description of the land or real estate to be affected thereby." *Page 112 
As appears from the statement of the facts, defendant brought an action at law within three months but did not file any lispendens within that period. Defendant was within its rights to bring an action at law, and in such an action a lis pendens was not only unnecessary but improper. Lonzello v. D'Amato,107 N.J. Law 422.
The purpose of the lis pendens is to protect subsequent purchasers where the statute has not been complied with. Non-compliance is conceded, and the sole question is as to whether the terms of the statute protect a purchaser for value who has actual notice. The statute itself has not distinguished between purchasers with or without notice, and is broad enough to include all purchasers. Storch v. Tepperman, 99 N.J. Eq. 48
(at p. 52); Lobsenz v. Koplow, 108 N.J. Eq. 529.
In the instant case there is an additional ground for holding that defendant has no valid lien. Instead of proceeding by suit for specific performance or the rescission of the contract and for enforcement of its lien, defendant elected to bring an action at law for damages under the contract.
A decree will be advised for the relief prayed for in the bill.