23 N.J. Super. 360 (1952)
93 A.2d 43
LEWIS E. BRAMALL AND FRANK J. BRAMALL, PLAINTIFFS,
v.
MARGARET S. WALTON AND M. LYNWOOD WALTON, INDIVIDUALLY AND AS EXECUTORS OF THE ESTATE OF JOHN C. STUART, DECEASED; JOHN STUART WALTON, A MINOR; HANNAH S. CREAMER AND FRANK T. SCHWARTZ, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 11, 1952.
*361 Mr. Alexander Denbo, attorney for plaintiffs.
Mr. John O. Sitzler, Jr., attorney for defendant Frank T. Schwartz, Inc.
Mr. N. Morton Rigg, attorney for defendant Margaret S. Walton, et al.
*362 HANEMAN, J.S.C.
Defendants herein move for a summary judgment on the ground that there exists no genuine issue as to any material fact, and that they are entitled to a judgment as a matter of law.
The complaint discloses the following:
1. On May 5, 1950 John C. Stuart executed the following memorandum of an alleged agreement with the plaintiffs:

"FIRST NATIONAL BANK AND TRUST COMPANY,

Beverly, New Jersey
5-5-50
Received from F.J. and L.E. Bramel $200  on acct. 200 ft of Land fronting on Cooper St. from point in Land of Andrew Wright to point south 200 ft at $14  per foot frontage.
John C. Stuart"
2. On September 16, 1951 said John C. Stuart died without having conveyed the lands to the plaintiffs and letters testamentary were granted to Margaret S. Walton and M. Lynwood Walton, the executors nominated in his last will and testament.
3. On December 7, 1951 plaintiffs recorded said contract in the office of the Clerk of Burlington County and thereupon made demand upon said executors to comply with the terms thereof.
4. On May 19, 1952 the individually named defendants conveyed the real estate here involved to the defendant Frank T. Schwartz, Inc., for a consideration of $3,500. Action was thereupon commenced in this court on August 8, 1952.
Defendants move for a summary judgment, alleging that the facts as disclosed in the complaint demonstrate that the plaintiffs did not comply with any of the requirements of R.S. 46:21-3 concerning the commencement of an action for the specific performance of a recorded agreement to sell real estate. The cited statute reads as follows:
"Every hereafter recorded agreement for the sale or purchase of real estate situate in this state shall be absolutely void as against subsequent judgment creditors of the vendor and as against subsequent purchasers and mortgagees for value of such real estate, unless the *363 vendee, his heirs, executors, administrators or assigns, shall commence an action for the specific performance of such agreement, or for its rescission, or for the violation of any of the covenants therein contained, and shall file a notice of the pendency of such action in the office of the county recording officer of the county in which the affected real estate is situate, setting forth the title of the cause and the general object thereof, together with a description of the real estate to be affected thereby, (a) within three months after the date fixed in such agreement for its consummation, or (b) if no date shall be fixed in such agreement for its consummation, within three months after the date of such agreement, or (c) if the consummation of such agreement shall be extended by the parties thereto, before the date fixed therein for its consummation, beyond the date so fixed, and such extenson shall be duly acknowledged and recorded as agreements for the sale of land are required to be acknowledged and recorded in order to give them the effect of notice to subsequent judgment creditors, purchasers and mortgagees, within three months after the date fixed in such extension for the consummation of such agreement, or (d) upon the death of the vendor or vendors or one or more of them within any such periods of three months, within three months after such death.
"If the plaintiff or complainant in any such action does not take steps to prosecute the same within six months after the filing of such notice, the chancellor or court in which such action is commenced may, upon application by any interested party, and upon notice to the plaintiff or his attorney or the complainant or his solicitor, declare the filing of such notice to be null and void and of no effect, and that the real estate mentioned in such notice shall be and remain discharged of all equities or claims founded on such agreement."
Plaintiffs argue that there is no proof that the defendant Frank T. Schwartz, Inc. is a "purchaser for value." The complaint discloses that John C. Stuart had agreed to convey to the plaintiffs upon the payment of a consideration of $2,800, and as well discloses that the defendant Frank T. Schwartz, Inc. paid a consideration of $3,500. These two allegations in the complaint, considered together, demonstrate that the said defendant did pay a valuable consideration.
It is further argued by the plaintiffs that since the complaint contains an allegation that said defendant Frank T. Schwartz, Inc. had not only constructive notice by reason of the recordation of the said agreement, but actual notice as well, the latter cannot prevail upon this motion.
*364 By reason of failure to comply with the statutory requirement for suit, the agreement becomes absolutely void as against subsequent purchasers for value. Heller v. Sweeney, 102 N.J. Eq. 60 (E. & A. 1927).
The statute makes a contract for the purchase of real estate, so recorded, void as against a subsequent purchaser for value, regardless of whether he had actual notice thereof, for failure to commence an action for specific performance as therein provided. The question of actual notice is immaterial. Lobsenz v. Koplow, 108 N.J. Eq. 529 (Ch. 1931); Brody v. Keystone Holding Co., 111 N.J. Eq. 110 (Ch. 1932); Reade v. Leslie, 137 N.J. Eq. 343 (Ch. 1945).
Plaintiffs argue that they are seeking relief against the executor of the estate of John C. Stuart under N.J.S. 3A:22-4 and that the provisions of this latter statute, in the event of the death of the vendor, supersedes the provisions of R.S. 46:21-3. It is not necessary to pass upon this point for the purpose of this motion, since N.J.S. 3A:22-4 provides that the purchaser may bring such action if he "has been placed in possession" of the realty involved. There is absent any such allegation in the complaint. Failure to so allege is fatal to the plaintiffs' argument, as possession is a basic, vital requirement of the statute. Plaintiffs have failed to allege a cause of action even under N.J.S. 3A:22-4.
Defendants' motion will be granted.