BONOUGLI v. GUERRA.    (No. 7592.) *

(Court of Civil Appeals of Texas. San Antonio. June 10, 1926. Rehearing Denied July 1, 1926.)

1. Judgment ☞497(2).

Service, which judgment recites was obtained, cannot be attacked aliunde record in collateral proceeding.

2. Judgment ☞497(1).

Even jurisdictional fact cannot be inquired into in collateral attack on judgment showing jurisdiction on face.

3. Judgment ☞457.

To directly attack personal judgment, regular on face, for city taxes, city is necessary party.

4. Judgment ☞522.

Trespass to try title to lots sold for taxes was collateral attack on tax judgment, which court erred in setting aside.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by F. B. Guerra against Henry P. Bonougli. From the judgment for plaintiff in part, defendant appeals. Reversed in part, and affirmed in part.

R. D. Wright, of Laredo, for appellant.
M. J. Raymond, of Laredo, for appellee.

FLY, C. J. Appellee instituted suit against appellant in trespass to try title to lots Nos. 2 and 14 in block No. 214, in the Western division of the city of Laredo, but afterwards filed an amended petition, which, in addition to an action of trespass to try title, alleged that on or about November 2, 1921, the city of Laredo sued appellee for taxes on the lots for the years 1917 and 1920, amounting to the sum of $38.37, and recovered judgment for $77, taxes, interest, and penalty, and afterwards issued on order of sale against the property. It was alleged that the property in question was seized and sold under the order of sale and was purchased by appellant for $425. Appellee sought to set aside "the judgment, order of sale, and said sheriff's deed." The grounds upon which the judgment and sale were assailed were that there was no service on appellee, and no notice of the order of sale ever mailed to or served on appellee. Appellee tendered into court $103.82 with interest at 6 per cent. from date of purchase of the land by appellant. Appellant pleaded not guilty, and for answer alleged that he was a bona fide purchaser at the sheriff's sale. The cause was submitted to the court without a jury, and judgment rendered that appellee recover possession and title of lot 4 in block 214; that the judgment obtained by the city of Laredo against appellee, the order of sale issued thereunder, and the sheriff's deed, be all set aside; that appellee pay to appellant $105.68, with interest at 6 per cent. from July 1, 1924, and a lien be declared on the property involved in the suit, and that an excess now held by the sheriff of Webb county be refunded to appellant.

The statement of facts discloses that on November 2, 1921, the city of Laredo filed a suit for delinquent taxes against F. B. Guerra, appellee herein, in the sum of $38.37, taxes assessed against lots 2 and 4, block 214, in the city of Laredo. There was evidence tending to show that no service was ever obtained on appellee, and that he had no notice of the suit. However, it is recited in the judgment in the case of City of Laredo v. F. B. Guerra that "the defendant, F. Guerra, though having been duly and legally cited as required by law, came not but wholly made default." The evidence to show that Guerra was not cited was the deposition of appellee that he had never been cited, and the testimony of the chief deputy sheriff of Webb

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 3, 1926.

county, J. L. Fierros, that he had looked through the record book of citations of the sheriff's office, and could find no record of any citation being issued in the case. This satisfied the court and also appellant, and it is recited in the judgment that appellee had not been cited. The land was sold by the sheriff to appellant under an order of sale issued under the judgment in City of Laredo v. Guerra. The order of sale and the sale were regular on their face, and the sheriff on July 7, 1924, executed and delivered a deed to appellant to lot No. 4, in block 214. The recited consideration is $425.

[1, 2] Appellant admits in his brief that appellee had no notice of the suit against him by the city of Laredo, that he had no notice of the sale, and also that there was no specific description of the land in the judgment. As before stated, the judgment in the original suit recited that service had been obtained on the defendant therein, F. B. Guerra, and in a collateral proceeding no attack could be made on the service in the case aliunde the record. In a collateral attack no inquiry can be made into even a jurisdictional fact, when the face of the judgment shows jurisdiction. As said by the Supreme Court in Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325:

"It is well settled that, where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the "judgment" property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service * * * upon him."

This was said in a case of collateral attack, where the judgment recited legal service upon the defendant, and the rule is definitely settled in Texas.

[3] In order to make a direct attack upon the original judgment, the judgment being regular on its face, so far as the personal judgment is concerned, the city of Laredo, the plaintiff in the original suit, was a necessary party to the suit attacking the validity of the judgment. In the case of Bonougli v. Brown (Tex. Civ. App.) 185 S. W. 47, an action of trespass to try title was brought by Brown against Bonougli, the latter having bought the land at a tax sale, had under a judgment obtained by the city of Laredo. This court held the attack was collateral, and the Supreme Court on writ of error fully affirmed the decision of this court. Brown v. Bonougli, 111 Tex. 275, 232 S. W. 490. The Supreme Court held that the attack was a collateral one.

[4] This was a collateral attack, so far as the judgment was concerned, and the court erred in setting aside the judgment. However, it has been held in this state that a sale under a judgment may be set aside without the plaintiff in the judgment being made a party. In the case of Rowland v. Klepper (Tex. Civ. App.) 189 S. W. 1033, it was held that a judgment under which a tax sale had taken place could be set aside without making the state, which had obtained the judgment, a party, but a writ of error was granted in the cause, and it was held that the judgment could not be set aside in a collateral attack, the state not being made a party, and reformed the judgment so as to eliminate the part relating to the judgment and affirming the part setting aside the sale. The same action was had in the case of Harrison v. Sharpe (Tex. Civ. App.) 210 S. W. 731. The same ruling was made in Miller v. Koertge, 70 Tex. 162, 7 S. W. 691, 8 Am. St. Rep. 587, and Weaver v. Nugent, 72 Tex. 277, 10 S. W. 458, 13 Am. St. Rep. 792.

That part of the judgment of the district court is set aside and held for naught which attempts to destroy and set aside the judgment for taxes in case of City of Laredo v. F. B. Guerra (numbered 5656), but is affirmed in all other respects.