[Civil No. 4169. Filed June 17, 1940.]

[103 Pac. (2d) 465.]

E. POWER CONWAY, Appellant, v. HATTIE L. MOSHER, a Widow, COIT I. HUGHES, and HATTRUDE B. HUGHES, Wife of COIT I. HUGHES, Appellees.

468

Messrs. Gust, Rosenfeld, Divelbess, Robinette & Coolidge, for Appellant.

Mr. E. E. Selden, for Appellees.

Mr. E. R. Thurman and Mr. M. C. Burk, *Amici Curiae.*

ROSS, C. J.—We feel that our conclusion as to the law as set out in our opinion is correct but, on account of the importance of the questions involved, we think it advisable to elaborate some of the points involved in the case.

*Amici curiae* appearing in support of appellant's motion for rehearing make the point that chapter 103, Laws of 1931, is taken from the tax sales statutes of Colorado (1935 Colo. Stat. Ann., vol. 4, chap. 142, sec. 227 et seq. at p. 809 et seq.) and that, therefore, we should follow the construction of such statutes placed upon them by the Colorado courts before we adopted them. We held in *Copper Queen Min. Co.* v. *Territorial Board of Equalization,* 9 Ariz. 383, 84 Pac. 511 (syllabus 1):

"Where a legislature adopts a statute from another state, it will be presumed to have adopted with it the judicial construction given it by the court of last resort of that state prior to the adoption, *except where it makes such changes of phraseology as necessitate a change of construction.*" (Italics ours.)

While it is probable our statutes, providing for the collection of delinquent taxes, are in part taken from Colorado, a comparison shows they greatly differ. A feature common to both seems to be the manner of advertising and conducting the sale of delinquent property by the county treasurer. In our opinion we stated what the treasurer generally does in making sales such as this one. *Amici curiae* assert we erred:

"1. In holding that the sale of property for taxes under our statute is not required to be kept open from day to day and *offered at public outcry* until such time as it is apparent to the treasurer that no private bidders are available; and

"2. In holding that a tax sale is not required to be competitive under the statute." (Italics ours.)

 Although the Colorado statute, section 227, *supra,* and our section 18, chapter 103, *supra,* provide that the county treasurer shall advertise that he will sell delinquent property "at public auction at the county treasurer's office," the form of notice prescribed in both is: "Public notice is hereby given that I will offer at public sale," etc. *Amici curiae* have not cited us to any Colorado cases holding that the delinquent property should be "offered at public outcry," and we have found none. While the words "public auction" are used in one place in the statutes, we are satisfied that the only meaning intended thereby was that the sale should be a "public sale," that is, a sale conducted openly in the treasurer's office, in the presence and hearing of all persons in the office—not secretly or collusively. The offer is from day to day. It is a standing offer until the treasurer strikes the property off to the state for lack of private offers. The object of the delinquent tax law is to force each property owner to pay his taxes, and the harsh method of selling his property is resorted to only when he fails to pay them voluntarily. The state is interested only in getting its taxes. It therefore limits the sale price to the taxes, penalties and charges and it permits the treasurer, after offering the property at one sale's day and receiving no buyer, to strike it off at any subsequent sale's day to the state, if he "becomes satisfied that no more sales can be effected." Sec. 20, Id.; *Imperial Securities Co.* v. *Morris,* 57 Colo. 194, 141 Pac. 1160. The record here does not show on what day the sale was made but we will assume the county treasurer performed his duty and did not sell the property to the state on the first day of the commencement of sales but on some subsequent day.

The laws of Colorado and Arizona differ widely as to the form and contents of the deed the treasurer is required to give the purchaser at a delinquent tax sale.

The courts of Colorado held that, if anything the statutes require to be stated in a tax deed is omitted therefrom, or if the deed shows on its face the law has not been followed, it is void. Sec. 257, Id. (p. 831), and cases cited thereto. Under our law, the only thing the treasurer's tax deed is required to recite is that notice of application for deed was published for the required length of time and that the property was not redeemed. Sec. 51, Id. No recital therein, as to assessments, delinquencies, publication of notice of sale, or sale for taxes, is required. In many respects Arizona's statutes differ from those of Colorado in the manner of collecting delinquent taxes.

■ It seems that the courts should take notice of the well-known fact that the different county treasurers throughout the state have for years conducted tax sales as the treasurer of Maricopa county conducted the sale here attacked. Where a uniform construction of a statute has been given by the administrative officers of the state whose duty it has been to construe and enforce it, we do not feel that we should disregard their construction, especially if to do so would likely upset many tax sales and destroy many tax titles of persons who relied upon such construction, even if we entertain some doubts of the correctness of their actions. *Maricopa County* v. *Trustees of Arizona Lodge, etc.,* 52 Ariz. 329, 80 Pac. (2d) 955.

■ Appellant argues that we should hold that the judgment in the action against Maricopa county to quiet his title adjudicated that the state had no lien on the property for taxes for the years 1927–1930. He contends that, although the statute expressly gives the lien for taxes to the state, the real party in interest is the county and that he was within his legal rights when he ignored the lienholder and sued the county to quiet his title. The action was to quiet title and the title of the lien was in the state. The action was not

one to determine whether the county had an interest in the taxes secured by the lien. The county may be interested in the taxes, but it has no interest whatever in the lien securing the taxes. That is the state's. In none of the cases cited by appellant was there involved the question we have here. It may be conceded that they were decided correctly upon their facts, but their facts are not the facts of this case.

It is next contended that, at least, the judgment to quiet title was binding upon Coit I. Hughes—the purchaser of the tax certificate and the grantee in the tax deed—because he was a party to such action and the judgment ''expressly determined the amount and extent of the lien for taxes.'' But, the court did not determine, and it had no right to determine, whether the state had a lien for the taxes for 1927–1930, because the state was not a party to that suit and, of course, was not bound thereby. Hughes' title was based on a sale of the property to the state for the taxes of 1927–1930, and, if the state was not foreclosed by the action to quiet title, neither was its assignee or grantee.

We think the opinion as thus explained should stand.

LOCKWOOD and McALISTER, JJ., concur.