[Civil No. 4436.   Filed December 14, 1942.]

[132 Pac. (2d) 640.]

HATTRUDE B. HUGHES and COIT I. HUGHES, Her Husband, Appellants, v. UNION OIL COMPANY OF ARIZONA, a Corporation; UNION OIL COMPANY OF CALIFORNIA, a Corporation; WM. E. LYALL and INEZ LYALL, Husband and Wife, Appellees.

Mr. E. E. Selden, for Appellants.

Messrs. Laney & Laney, of Phoenix, Arizona, and Mr. L. A. Gibbons, of Los Angeles, California, for Appellees.

LOCKWOOD, C. J.—Hattrude B. Hughes and Coit I. Hughes, plaintiffs, on December 14, 1939, brought suit against Union Oil Company of California, a corporation, defendant; Union Oil Company of Arizona, a corporation; and Wm. E. Lyall and Inez Lyall.

The complaint alleged, in substance, that plaintiffs ever since March 5, 1935, were the owners of certain real estate described in the complaint, which had previously been owned by Hattie L. Mosher; that defendant for many years after 1921 had occupied the premises above referred to under a written lease from Mosher which granted the right to it to remove all trade fixtures placed by it on the property for the purpose of operating a service station business; that

after May 1, 1934, it continued to occupy the premises under a lease agreement which did not make a reservation of the right to remove the fixtures from the premises, but that notwithstanding this, on July 1, 1939, it had, through the Lyalls, removed its fixtures of the value of some $6,000, although notified by plaintiffs not to do so. The prayer was for the value of the fixtures removed, in the sum of $6,000, and under a similar second cause of action for damage to the realty by such removal in the sum of $1,000.

Defendant answered alleging it had no knowledge of whether plaintiffs owned the premises, but admitted that it had leased the premises from Mosher in 1921, with a reservation of the right to remove fixtures, and alleged that it had occupied the premises under such lease up to July 1, 1939, with the exception that by agreement the rent had been reduced in 1934. It admitted the removal of the fixtures, but denied their value to be more than $1,000, and claimed that no damage had been done to the real estate.

Various preliminary motions were made, and on April 18, 1941, defendant filed a motion for summary judgment, supported by a certified copy of a judgment of the superior court of Maricopa County in the case of John W. Ray, Plaintiff, v. H. L. Mosher, H. B. Hughes and Coit I. Hughes, her Husband, Defendants. Attached to the motion was a copy of the judgment. The matter came on for hearing on the motion for summary judgment, which was granted, and this appeal was taken.

The motion for summary judgment was made under sections 21–1211, 21–1212, Arizona Code 1939, which read as follows:

"*Summary judgment — For defending party.*—A party against whom a claim, counterclaim, or crossclaim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting

affidavits for a summary judgment in his favor as to all or any part thereof.''

''*Summary judgment — Motion and proceedings thereon.*—The motion shall be served at least ten (10) days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.''

It will be observed therefrom that the judgment shall be granted only if there is no genuine issue as to any material fact, and the moving party is entitled to the judgment as a matter of law. The theory upon which the motion for judgment was made is that the plaintiffs, at the time the fixtures were removed as aforesaid, and at all times thereafter to the filing of this action, were not the owners of the realty involved and had no real interest therein. Of course, if this be true, they were not, as a matter of law, entitled to maintain the action, and the court correctly rendered summary judgment in favor of defendant. If, on the other hand, there was a genuine material issue of fact on this question raised by the pleadings, the motion and the supporting affidavit, the court erred in granting the motion and should have tried the case on the merits.

The complaint alleged specifically that they became the owners of the property on March 5, 1935, and made no claim to any title acquired subsequent to that date. If, then, it appears from the record that any title which they had acquired on or before that date had passed to another party, and there was no claim on the part of plaintiffs that they had afterwards reacquired title, the judgment was proper. Defendant, in order to prove that any title which they

might have acquired on or before 1935 had passed from them to Mosher, offered in evidence the judgment in the case above referred to, together with the entire record therein. That case came to this court on appeal, and under the case of *Stewart* v. *Phoenix National Bank,* 49 Ariz. 34, 64 Pac. (2d) 101, we take judicial notice of the record. It appears from that record that one John W. Ray brought suit against Hattie L. Mosher to recover an attorney's fee and to make said attorney's fee a lien on the property involved in the present proceeding. The complaint alleged various transactions whereby plaintiffs herein at sometime prior to March, 1939, had become the holders of the record title to the premises through proceedings described in the complaint, but claimed that they were the holders merely of the naked title, and were never the real owners of the same, but that the true ownership rested in Hattie Mosher. Both plaintiffs herein and Mosher were personally served with summons and appeared in the action at all times through their counsel. After various proceedings were had, a judgment was rendered on August 9, 1940, which reads so far as material as follows:

"This cause coming on regularly for trial; the plaintiff being present in person and represented by John C. Lee, attorney; the defendant, H. L. Mosher, being present and represented by Geo. F. Macdonald, attorney, and defendants, H. B. Hughes and Coit I. Hughes, her husband, not being present but represented by A. Y. Moore, attorney; testimony, both oral and documentary, was offered and received and both plaintiff and defendant rested; . . .

"The Court having fully considered the action on the merits prepared and filed with the Clerk a memorandum for judgment;

"Now, in conformity to such memorandum and decision, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff John W. Ray do have and recover of the defendant, H. L. Mosher, the sum of

Five Thousand Five Hundred ($5,500.00) Dollars, with interest thereon at the rate of six (6%) per cent per annum from the 16th day of March, 1939, the date this suit was filed, until paid and costs herein expended, to be taxed by the Clerk of said court;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lots One (1), Two (2) and Three (3) in Block Two (2) of CHURCHILL ADDITION to the City of Phoenix, Arizona, as the same appears on the recorded map of such addition in the County Recorder's Office, Maricopa County, Arizona, is and was, at the date this action was filed, to wit: March 16, 1939, the property of defendant, H. L. Mosher, and that defendants H. B. Hughes and Coit I. Hughes, her husband, have no right or interest therein whatever;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, John W. Ray, by reason of this action and creditor's bill is entitled to and is hereby adjudged a superior lien on said three lots, to-wit: (describing lots), to secure the payment and satisfaction of his above judgment and costs, which said lien may be enforced by special execution and sale, as provided by law and the practice of this Court; . . . "

It is the contention of plaintiffs that this judgment had no place in this case for the reason that defendant was not a party or privy thereto, and that it was, therefore, in no manner *res adjudicata* in favor of the latter.

It is the position of defendant that while it does not contend the judgment was *res adjudicata* in its favor as to the issues tried therein, nevertheless it was admissible in evidence as a muniment of title showing that plaintiffs herein had no interest in the property at the time the fixtures involved in this suit were removed.

Plaintiffs filed no controverting affidavits to the motion for summary judgment, but relied upon their original complaint as raising a material issue of fact

which was not resolved by the judgment in question because it was not admissible in evidence.

■ It is the general rule that a judgment is *res adjudicata* only between the parties and their privies and can only be used in evidence as such in another proceeding between such parties. It is claimed, however, by defendant that this is subject to the exception that when a material issue at trial is one of title, the plaintiff in order to prove his title may use in evidence a judgment to which he was neither party nor privy, *in which the title to the property in controversy was litigated by a party from whom he claims title,* with the same effect as though it were a deed from the losing party to the winning party in such controversy.

This general exception is admitted by plaintiffs, but they contend that it does not apply to the judgment in question for the reason that such judgments are only admissible when it is the plaintiff in the action who desires to use them as a link in his chain of title, and further that the judgment offered must be expressly based upon a litigation of title between the parties as to whom it is claimed to have the effect of a deed, and not upon a collateral issue.

■ So far as the contention that a judgment of this nature can only be used, when a material issue is that of title, by plaintiffs and not by defendants, we think it is not well founded. While we have not been cited to any case bearing on this point, we see no logical reason why, if a judgment of this nature is to be considered as a deed from the losing to the winning party, and, therefore, a link in a chain of title, any party who finds it material to prove or disprove the particular title should not be permitted to use it.

■ The second point, however, presents a different question. In every case cited to us, where the exception to the rule has been sustained and the

judgment allowed in evidence, it has been a judgment in a case where the title to the property was in some manner the material issue which was litigated *as between the parties whom it is expected to bind as by deed.* The judgment granted in the present case was not based on an adverse litigation as to the title between Hughes and Mosher, but on an action brought against both of them as co-defendants by a third party who found it necessary, in order to enforce his claim of a lien against the property, to show that the title rested in one rather than the other of the two defendants therein. It is true that the judgment expressly stated that the property belonged to Mosher as of March 16, 1939, and that plaintiffs herein had no right or interest thereto. But this was obviously meant as against the claim of Ray and that only. So far as the record shows, the issue of ownership was never litigated as between Mosher and Hughes, but only as between Ray on the one side and Mosher and Hughes on the other.

We think the exception to the rule does not go so far as to make a judgment of this nature in effect a deed from Hughes to Mosher which could be used to bind them in litigation with another party, and the trial court, therefore, should not have considered it as such. If this be true, there still remained a material issue of fact apparent on the face of the record—that is, the assertion in the complaint by plaintiffs that they were the owners of the property at the time the fixtures were removed and the denial by defendant of this allegation. *Hummel* v. *Wells Petroleum Co.,* 7 Cir., 111 Fed. (2d) 883; *Kent* v. *Hanlin,* D. C., 35 Fed. Supp. 836. Such being the case, it was error to render a summary judgment in favor of defendant, and the motion should have been denied and the case tried on its merits.

The judgment is reversed and the case remanded with instructions to deny the motion for summary

judgment, and to proceed in accordance with the views indicated herein.

McALISTER and ROSS, JJ., concur.