[Civil No. 4435.   Filed December 21, 1942.]

[132 Pac. (2d) 439.]

THE MILLER RUBBER COMPANY OF NEW YORK, a Corporation, Appellant, v. J. M. PEGGS, Appellee.

Messrs. Cox & Cox and Mr. Herbert Watson, for Appellant.

Messrs. Beer & Christy, for Appellee.

ROSS, J.—On March 24, 1932, the plaintiff, The Miller Rubber Company of New York, sued the defendant, J. M. Peggs, in the Superior Court of Maricopa County (being Cause No. 36727 therein), and thereafter, on February 28, 1934, recovered judgment against him in the sum of $515.16, interest and costs.

Upon this judgment, payments were made by defendant from time to time in the sum of $293.32, leaving a balance due of $390.56.

On March 4, 1939, the present action, to renew the judgment for the balance of $390.56, was filed under section 22–101, Arizona Code 1939.

Defendant Peggs in his answer to the complaint set up that The Miller Rubber Company of New York was, on or about the 23d day of May, 1930, disorganized and dissolved; that since said time it has been without corporate existence or legal entity, and that said judgment is null and void for the lack of a plaintiff. He further alleged that at no time since 1930 has The Miller Rubber Company of New York been qualified to do business in Arizona.

Counsel for plaintiff thereupon filed a motion to substitute W. T. Smith as plaintiff upon the ground that The Miller Rubber Products Company, a corporation, had assigned the indebtedness sued on to him. After a hearing thereon, this motion was denied. Judgment was entered for defendant, from which this appeal is prosecuted.

Whether the ruling denying the motion for substitution was right or wrong, it is not necessary that we de-

cide. At all events, it left The Miller Rubber Company of New York as plaintiff and J. M. Peggs as defendant in the action to renew the judgment. It was under that title the original judgment was entered on February 28, 1934. The validity of this judgment and the debt for which it was entered were recognized by defendant's paying thereon approximately $300, but defendant says the balance of said judgment is null and void because it runs in favor of The Miller Rubber Company of New York, a nonexistent corporation or entity. It is not denied that the rubber company was a corporation and that defendant transacted business with it which resulted in a claim against him, in part unpaid—an asset of the corporation, or its assigns. Since defendant does not claim that his debt has been paid or that it is barred by limitation, he must escape payment thereof, if at all, on the ground that there is no one capable of accepting and receipting for the balance he admittedly owes.

██ Defendant is in no position to question the validity and binding force and effect of the judgment against him. It

"is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." 30 Am. Jur. 908, sec. 161.

██ It is an existing, final judgment between the parties upon the merits.

"It is a general rule of law that in an action on a judgment, the original cause of action is not examinable on the merits, and that no matter of defense may be asserted which existed anterior to the judgment and which might have been set up in the original proceedings. . . . " 31 Am. Jur. 332, sec. 824.

The defendant's right is not that he shall escape making payment of his debt, but that the payment when made shall be to some person or entity entitled under the law to receive and receipt for such payment. He

is not concerned beyond that. The judgment creditor, or its assignees or legal representatives, doubtless can accept payment of the judgment and receipt for the same.

The fact that the plaintiff had been dissolved at the time it obtained the judgment against defendant did not, under the law of its creation, prevent it from collecting and distributing its assets. It had a right to bring and maintain the action against defendant. See Chap. 60, Art. 10, sec. 105, subdvs. 7 and 8, Cahill's Consolidated Laws of New York, 1930 [Stock Corporation Law, N. Y. McKinney's Consol. Laws, c. 59, § 105, subds. 7, 8]; also 16 Fletcher Cyc. Corporations, secs. 8127 and 8170; and, finally, our own statute, section 53-308, Arizona Code 1939, reading as follows:

"53–308. *May wind up business.*—Corporations whose charters have expired, or which have been dissolved by the voluntary act of the stockholders, may continue to act for the purpose of winding up their affairs."

The answer of defendant raised no issue of fact or law that had not been already decided against him.

The judgment of the lower court is reversed and the cause remanded with directions that further proceedings be had in accordance herewith.

LOCKWOOD, C. J., and McALISTER, J., concur.