302 P.2d 926

**NATIONAL PUBLIC SERVICE INSUR-
ANCE COMPANY, Appellant,**

v.

**Thomas H. WELCH, Appellee.**

**No. 6111.**

Supreme Court of Arizona.

Oct. 30, 1956.

Lewis, Roca, Scoville & Beauchamp, and Charles A. Stanecker, Phoenix, for appellant.

Struckmeyer, Whitney & Perry, Phoenix, for appellee.

UDALL, Justice.

This is an appeal by defendant, National Public Service Insurance Company, from a judgment quieting title to real property —notwithstanding the answer of the jury to the sole interrogatory submitted to it— entered in favor of Thomas H. Welch, plaintiff-appellee. Mary Alice Welch, a third party defendant in the court below, is not a party to this appeal. As only questions of law are raised, no reporter's transcript was submitted. The parties will herein be referred to either by name or as appellant and appellee.

The basic facts involved in this litigation are not in dispute, and, with the procedural steps heretofore taken, they may be summarized as follows: Thomas H. Welch, as grantor, purportedly executed a quitclaim deed to Mary Alice Welch, grantee, covering certain real property in Phoenix, Arizona. This instrument was placed of record with the county recorder of Maricopa County on October 8, 1949. The appellant company, in reliance upon the record title being in Mary Alice Welch, on February 15, 1951, made a loan to the latter, taking from her as security a realty mortgage on such premises. This instrument was placed of record on February 23, 1951. Thereafter on March 6, 1951, Thomas H. Welch filed suit against Mary Alice Welch (docketed as cause No. 68780) to set aside the quitclaim deed in question upon the ground that it was a forgery. This cause was tried to a jury, resulting in a judgment entered May 5, 1952—from which no appeal was taken—declaring the deed canceled and void based upon the jury's finding that Thomas H. Welch had not executed same. Appellant insurance company was not made a party to that suit and had no notice of it.

Relying upon his judgment in cause No. 68780, supra, Thomas H. Welch refused to acknowledge the validity of appellant's mortgage and demanded that this cloud on his title be removed. When this demand was refused, the instant suit, docket No. 76331, was filed by Welch against the insurance company, wherein he asked that he be adjudged the owner in fee simple of the property free of any mortgage lien or other claim of said defendant (appellant here). The latter filed an answer to plaintiff's complaint and also a counterclaim and third party complaint naming Mary Alice Welch, a single woman, as a third party defendant. Therein it sought a foreclosure of its mortgage against Thomas H. Welch as well as the third party defendant.

The case was tried before a jury which, on November 22, 1954, rendered a unanimous answer to the sole interrogatory submitted, viz.:

"Interrogatory: Do you find from the evidence that the plaintiff, Thomas H. Welch, signed, acknowledged and delivered the deed in question to Mary Alice Welch?

"Answer: Yes."

The court thereafter, on November 30, 1954, entered a judgment and decree of mortgage foreclosure in favor of the insurance company as third party plaintiff, all in accordance with the finding of the jury. A motion for new trial, or, in the alternative, for *judgment notwithstanding the verdict*, was filed (this latter nomenclature is erroneous; see Carrillo v. Taylor, 81 Ariz. 14, 299 P.2d 188). The learned trial court,

recognizing the jury's answer as being only advisory, made the following minute order:

"This cause was heretofore taken under advisement on plaintiff's motion for new trial, or in the alternative, for judgment notwithstanding the verdict.

"It is the decision of the court that there were no prejudicial irregularities in the proceedings of the court or abuses of discretion whereby the plaintiff was deprived of a fair trial. It is further the decision of the court that there was no misconduct by the defense nor were there any errors during the trial which would deprive plaintiff of a fair trial, and the court is of the opinion that the verdict of the jury was proper under the evidence and facts, and therefore not contrary to the law and evidence presented.

"It is, however, the opinion and decision of this court that the judgment in the cause before the Honorable Dudley W. Windes presiding on May 5, 1952, in action No. 68780, entitled 'Thomas H. Welch, plaintiff, vs. Mary Alice Welch, defendant,' is decisive of the issue whether the deeds, one of which was involved in this cause, were a forgery. The defendant herein having obtained the mortgage from Mary Alice Welch against whom the issue of the forgery was resolved cannot obtain any greater rights than Mary Alice Welch had as mortgagor. The previous suit between the alleged grantor and grantee having determined this issue of forgery which was again tried over plaintiff's objection in this cause, a judgment notwithstanding the verdict should be entered in favor of plaintiff and against defendant as prayed.

"Now, therefore, it is ordered granting the motion for judgment notwithstanding the verdict for the reason above stated."

A formal written judgment, in favor of appellee and against appellant, conforming to the above order, was entered on April 1, 1955. This appeal followed.

Appellant contends the sole question presented is whether the doctrine of res judicata applies. Its single assignment of error reads:

"The Court erred in setting aside the judgment entered on the verdict of the jury and ordering judgment for the plaintiff notwithstanding the verdict for the reason that the defendant-appellant could not be and was not bound by the judgment in an action to which it was not a party."

And there are advanced the following propositions of law in support of same:

"I

"For a judgment to be 'res judicata' as regards issues determined in it, the

party claimed to be bound must have been a party to the first action in the same capacity that he is in the second action.

"II

"Any person interested in the subject matter of a suit and who has a personal interest in any judgment as may be rendered is a real party in interest and unless joined in the action is not bound by the judgment."

While the appellant views the applicability of the principle of res judicata as the major issue, appellee Welch dismisses the doctrine as having "little or nothing to do" with a proper determination of this appeal; hence, he makes no effort to meet the wealth of authority cited by appellant concerning it. It would appear that appellee wholly relies upon these contentions:

(1) in the trial of cause No. 68780, Welch v. Welch, supra, and the judgment entered therein, the issue of forgery was resolved in favor of appellee Thomas H. Welch;

(2) appellant insurance company was and is in privity with Mary Alice Welch, the forger;

(3) a forged deed cannot be "duly" or legally recorded; and

(4) the appellant cannot gain *any* rights by virtue of a forged instrument, nor can it claim advantage of the recording statutes which deny the right to record a forged instrument.

In support thereof appellee Welch largely depends upon the following two cases that we consider to be either not in point or readily distinguishable. The first, Marden v. Dorthy, 160 N.Y. 39, 54 N.E. 726, 46 L.R.A. 694, was an action to cancel certain instruments; it was instituted by the owner of property who, through fraud, had unwittingly executed a deed to her daughter and which property was subsequently mortgaged. *The defendants in the action were the daughter, her husband, and the first and second mortgagees.* Estoppel was claimed as a defense, allegedly arising because the signature affixed to the deed was genuine. The highest court in New York disposed of this contention by restating the findings of fact which were conclusive in the appeal, namely, that the plaintiff therein never intended to execute a deed, that it was never acknowledged or delivered, and the "grantee" was ignorant of its existence. It was finally concluded that the daughter could never have had any title to the property. In the second case, Gould v. Wise, 97 Cal. 532, 32 P. 576, 33 P. 323, the sole question involved was the relative priority of two different mortgages. And again *all parties were before the court;* thus, it was held that there was no ground for estoppel.

The dissimilarity of both these decisions with the problem presented in the instant case is readily apparent. There, all interested persons were made parties to the suit, and, hence, the issues were resolved after all parties had had their "day in court". This is a far cry from our situation.

A succinct statement as to the doctrine of res judicata was adopted in Lauderdale v. Industrial Commission, 60 Ariz. 443, 446, 139 P.2d 449, 450:

> " 'The doctrine of *res judicata* rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent.' "

Implicit in this statement of the doctrine is the following basic qualification so aptly stated by the Supreme Court of the United States:

> "No principle is more vital to the administration of justice, than that no man shall be condemned in his person or property without notice, and an opportunity to make his defense." Boswell's Lessee v. Otis, 9 How. 336, 350, 13 L.Ed. 164.

See, Phoenix Metals Corporation v. Roth, 79 Ariz. 106, 284 P.2d 645.

It is conceded that appellant insurance company was not a party to the first suit, Welch v. Welch, No. 68780; consequently, the judgment entered therein cannot possibly be binding or conclusive upon it so as to bar subsequent litigation thereon as to the issue of forgery, unless appellant was in privity with Mary Alice Welch. Cf. Conway v. Mosher, 55 Ariz. 307, 312, 101 P.2d 209, rehearing denied 55 Ariz. 467, 103 P.2d 465. The trial court, as the sole basis for its judgment, necessarily held that such a privity existed as to warrant the application of the doctrine of res judicata.

The law is well settled that where a party was a stranger to a previous action, the doctrine of res judicata cannot be applied to bar subsequent litigation thereon.

> "It is the general rule that a judgment is *res adjudicata* only between the parties *and their privies* and can only be used in evidence as such in another proceeding between such parties." Hughes v. Union Oil Co. of Arizona, 60 Ariz. 130, 136, 132 P.2d 640, 642. (Emphasis supplied.)

And in the case of Miller Rubber Co. of New York v. Peggs, 60 Ariz. 157, 159, 132 P.2d 439, 440, we held a prior judgment

> " * * * 'is conclusive of rights, questions and facts in issue, as to the

parties *and their privies,* in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' " (Emphasis supplied.)

See, also, 30 Am.Jur., Judgments, section 220; and 50 C.J.S., Judgments, § 738.

This matter of privity is therefore the determinative question. The rule governing this is well stated in the case of In re Hanson's Estate, 126 Cal.App.2d 71, 271 P.2d 563, 567:

" 'A privy is one who, *after rendition of the judgment,* has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase.' " (Emphasis supplied.)

See, also, Hull v. Rolfsrud, N.D., 65 N.W. 2d 94; Elwell v. New England Mortgage Security Co., 101 Ga. 496, 28 S.E. 833; 30 Am.Jur., Judgments, section 226. When it it recalled that appellant acquired and placed of record its mortgage from Mary Alice Welch *prior* to the commencement of cause No. 68780, supra, or of the entry of judgment therein, it becomes apparent there is no privity between them.

If appellee Welch intended to bind appellant by the first judgment, it was imperative that he make it a party to the suit. See, Arizona Land & Stock Co. v. Markus, 37 Ariz. 530, 539, 296 P. 251; Cf. Mountain States Telephone & Tel. Co. v. Kelton, 79 Ariz. 126, 131, 285 P.2d 168.

On the record before us, we hold, as a matter of law, the trial court was in error when it concluded that there was such a privity between Mary Alice Welch and appellant as to justify invoking the rule of res judicata.

The judgment is reversed with directions to reinstate the judgment, dated November 30, 1954, in favor of appellant.

Judgment reversed with directions.

LA PRADE, C. J., and WINDES and PHELPS, JJ., concur.

STRUCKMEYER, J., having disqualified, took no part in the determination of this appeal.