383 P.2d 253

Marie K. GILMAN and Jane Gilman Tracy, Plaintiffs-Appellants,

v.

Chas. T. BATES and Howard W. Jennings, Defendants-Appellees.

No. 6999.

Supreme Court of New Mexico.

June 24, 1963.

Charles H. Fowler, Socorro, for appellants.

Hervey, Dow & Hinkle, S. B. Christy, IV, W. E. Bondurant, Jr., Roswell, Busby, Stanfield, Deaton & West, Ada, Okl., for appellees.

ROBERT W. REIDY, District Judge.

We are called upon in this appeal to further interpret § 21–1–1(41)(e), N.M.S.A. 1953, and the power of the district court to dismiss an action upon its docket.

The complaint was filed on November 13, 1958. A motion to amend the complaint is the next instrument to appear on the docket on June 15, 1960. Then an order allowing amendment to complaint, June 16, 1960. Amended complaint filed June 24, 1960. Then on October 26, 1960, the defendant and appellee herein, Bates, filed a motion to dismiss the complaint based on lack of jurisdiction, faulty process, and failure to state a claim for relief. This motion was not heard by the district court. On November 22, 1960, more than two years from the filing of the original complaint, the defendant Bates filed a motion to dismiss the action with prejudice under § 21–1–1(41)(e). Plaintiffs filed a traverse to this motion on November 28, 1960. On December 7, 1960, an entry appears showing service of process on defendant Bates in the state of Oklahoma on September 28, 1960. On February 15, 1961, an order was entered dismissing the complaint with prejudice under Rule 41(e). This appeal then followed.

Rule 41(e) is as follows:

"(e) DISMISSAL OF ACTION WITH PREJUDICE

"(1) In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least two [2] years after the filing of

said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two [2] years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

■■■ Under the appellants' first point upon which they rely for a reversal of this cause, they state that the record does disclose some action to bring the case to its final determination within the two year limitation; however, under that point the only matter which they mention is the defendants' motion to dismiss for lack of jurisdiction, insufficiency of process, and failure to state a claim, filed October 26, 1960. We find this point to be without merit. There is no duty on the part of the defendant to bring the case to trial. The defendants' motion does not enure to the benefit of the plaintiffs. Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298; Western Timber Products Co. v. W. S. Ranch Co., 69 N.M. 108, 364 P.2d 361.

The appellants seek to avoid the dismissal under their second point by urging that the filing of the amended complaint was a taking of action within the meaning of Rule 41(e). In view of our disposition of this appeal, it will be unnecessary to rule upon that point.

■■■ The record discloses that one year and seven months elapsed between the filing of the original complaint and the amended complaint. Nothing had been done in the interval. The district judge in the order of dismissal with prejudice and as a part thereof stated he was of the opinion that the plaintiffs had not shown diligence in bringing the action to trial. We have held, and do again, that the district court has inherent power to dismiss a cause for failure to prosecute the same independent of any existing statute, and unless there has been an abuse of discretion the dismissal will not be disturbed on appeal. There is no claimed abuse here, and there could be none under the circumstances. Pettine Bros. v. Rogers, 63 N.M. 457, 321 P.2d 638; Henriquez v. Schall, 68 N.M. 86, 358 P.2d 1001. This is the rule even though the movant in the court below bases his motion primarily on Rule 41(e).

For the reasons stated, the judgment is affirmed.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.