409 P.2d 267

Blanch E. FOSTER, Mary Mabel Garcia, Rubie Sedillo, Vilia Sedillo, Bonnie Marquez, Mary Mable Jaramillo, and Adelaida Villegas, Plaintiffs-Appellants,

v.

Alfred SCHWARTZMAN, Schwartzman Packing Company, a corporation, and Johnnie Gonzales, Defendants-Appellees.

No. 7676.

Supreme Court of New Mexico.

Dec. 27, 1965.

John Hogan Stewart, Albuquerque, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Leland S. Sedberry, Albuquerque, for appellees.

**634**

CHAVEZ, Justice.

This is an appeal from a dismissal of plaintiffs' cause of action, with prejudice, by the trial court. The dismissal was granted on motion by defendants in accordance with Rule 41(e) (§ 21-1-1 (41) (e), N.M.S.A., 1953 Comp.).

Plaintiffs filed their complaint on October 10, 1961. Defendants' answer and cross-claim was filed on November 13, 1961. After the complaint was filed, and prior to plaintiffs' motion to set the case for trial was filed on October 3, 1963, the record discloses various motions to take depositions, interrogatories and objections thereto, motion to strike, a notice of hearing on all motions and order in conformity with said hearing, as well as other motions, all of which are not pertinent to the main question raised.

On October 3, 1963, plaintiffs filed a motion asking the trial court to set the cause for hearing on the merits, on or before October 10, 1963. The motion also asked that, if the court was unable to hear the cause before October 10, 1963, the court find that plaintiffs had attempted to bring the action to trial within two years, in accordance with Rule 41(e). The trial court heard the motion on October 9, 1963.

Defendants filed a motion to dismiss plaintiffs' cause of action under Rule 41 (e) on October 11, 1963.

On October 15, 1963, an order was entered setting out that the court was unable to grant plaintiffs a setting before October 10, 1963, and the motion was denied. The trial court reserved ruling on plaintiffs' motion, to have the court find that they had attempted to bring the action to trial within two years, "until such time as Defendants may file a Motion under said Rule." On January 24, 1964, the trial court denied defendants' motion to dismiss plaintiffs' cause of action under its inherent power, but granted dismissal under Rule 41(e).

Defendants do not contend that plaintiffs' motion to set the cause for trial was not "action to bring such action * * * to its final determination." We agree that such a motion is proper action to satisfy the Rule, and we so held in the recent case of Martin v. Leonard Motor-El Paso, 75 N.M. 219, 402 P.2d 954. The motion is clearly part of the record as required by Sarikey v. Sandoval, 75 N.M. 271, 404 P.2d 108.

There is also no disagreement that the motion was filed within two years after the filing of the complaint. In addition, it is agreed that defendants made the necessary motion upon which a court may dismiss the action. Martin v. Leonard Motor-El Paso, supra; Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960.

Defendants' contention is that plaintiffs' motion was made in a situation in which it

could not be granted due to a lack of diligence on the part of plaintiff. Defendants claim that the motion was not made as the result of the bona fide efforts required in Schall v. Burks, 74 N.M. 583, 396 P.2d 192, and that we should not recognize plaintiffs' motion as "action to bring such action * * * to its final determination."

In Schall v. Burks, supra, this court said that a notice that the case would be heard, filed just three months after the complaint was filed, without having arranged for a trial setting and with no jury being available although the case was a jury case, did not disclose "actual and bona fide efforts on the part of the plaintiff to have the case finally determined."

 In the instant case we are asked to find that plaintiffs' motion to set the case for trial, which was filed seven days before the desired trial date and could not be honored by the court, is without good faith. While it may be true throughout this State that such motions cannot be honored by the trial courts, we cannot rule that such a motion shows bad faith as a matter of law.

The legislature set out a period of two years within which plaintiffs were required to take "action to bring such action * * * to its final determination," or subject themselves to the possibility of having their actions dismissed upon written motion by defendants. Evidently the legislature believed that inaction for that length of time showed a lack of diligent prosecution, as a matter of law. For this court to follow defendants' proposal we would, in effect, be shortening the length of time set by the legislature, solely because we felt that plaintiffs' action could not be granted by the trial court and, therefore, it was in bad faith and an unacceptable action.

 While it appears that the desire for diligent prosecution was the reason for the legislature's enaction of Rule 41(e), we believe that, as a matter of law, it is merely a standard as to lack of diligence. It does not infer that inaction for a shorter period of time may not also show a lack of diligence. The courts of this jurisdiction have inherent power to dismiss actions for lack of diligent prosecution. City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701; Pettine v. Rogers, 63 N.M. 457, 321 P.2d 638; Henriquez v. Schall, 68 N.M. 86, 358 P.2d 1001; Gilman v. Bates, 72 N.M. 288, 383 P.2d 253.

 While the plaintiffs in the instant case may not have been as diligent as they should have been in prosecuting their action, such a decision is best made by the trial judge who is most familiar with the situation. It is significant that the trial judge's order, which dismissed plaintiffs' action, denied defendants' motion that he exercise his discretion under

the inherent power of the court. Instead he dismissed the cause under Rule 41(e). Good faith, or the absence of it, in marginal situations is best considered and decided at the trial court level, whenever the question of diligent prosecution of a cause of action is at issue.

The order of the trial court is reversed and the case remanded with direction that the order of dismissal be vacated and the cause reinstated on the trial docket, and to proceed in a manner consistent with this opinion.

It is so ordered.

NOBLE and MOISE, JJ., concur.