433 P.2d 83

**Marie K. GILMAN and Jane Gilman Tracy, Plaintiffs-Appellees,**

v.

**Jewel OSBORN, W. B. Osborn, Jr., Betty Osborn Biedenharn, Charlotte Osborn Barrett and M. T. Townsend, Defendants-Appellants.**

No. 8370.

Supreme Court of New Mexico.

Oct. 23, 1967.

Rehearing Denied Nov. 9, 1967.

Atwood & Malone, Bob F. Turner, Robert E. Sabin, Roswell, for appellants.

Neal & Neal, Hobbs, for appellees.

## OPINION

CARMODY, Justice.

This appeal is from a judgment of the trial court setting aside an earlier quiet title decree and quieting the title to an undivided mineral interest in the plaintiffs below.

The parties will be referred to as they appeared in the trial court.

We will attempt to summarize the rather involved factual and legal situation: In 1928, one Bates conveyed the mineral interest here involved to R. F. "Gillman"; the deed was recorded, and in 1957 was discovered in a safe which had belonged to R. F. "Gilman" by his widow some nineteen years after his death. In the intervening time, Bates, the original grantor, filed a suit to quiet title in which R. F. "Gillman" was made a party defendant and service was obtained by publication. In this 1952 suit, Bates alleged that the original deed should have been made in the name of R. F. "Garland" rather than to "Gillman" and a claimed deed of reconveyance from Garland to Bates was the predicate upon which the quieting of title was sought. A decree was entered in this 1952 suit quieting the title in Bates, and in 1956 Bates conveyed the property to the appealing defendants, the Osborns. This deed was immediately recorded. Some two years later, in 1958, the plaintiffs brought suit against Bates, alleging that the 1952 decree had been obtained by fraud because of the allegation therein that the 1928 deed was intended to convey the property to "Garland" rather than to "Gillman." This case also asserted that the 1952 action was, in effect, a suit to reform the 1928 mineral deed, and, as such, personal service was necessary and that any decree was void for lack of jurisdiction. Approximately two years later, the plaintiffs were permitted to file an amended complaint, which named the defendants Osborn as additional parties defendant, and added a second cause of action seeking to quiet the title in the plaintiffs. Thereafter, Bates moved to dismiss the case with prejudice, which motion was granted. Appeal was thereafter taken to this court. We affirmed the dismissal in Gilman v. Bates, 1963, 72 N.M. 288, 383 P.2d 253, and the case was remanded to the district court for such further proceedings as might be necessary. Subsequent motions were filed by both parties, including a motion by the defendant to dismiss on the basis that the cause of action was barred because of the dismissal as to Bates. This motion was not expressly passed upon, certain other motions were overruled, and the case was set for trial, follow-

ing which the trial court entered its decree setting aside the 1952 quiet title decree and entering a decree quieting the title in the plaintiffs.

Although other issues are raised by the defendants, the determinative question relates to the effect of the dismissal of the case with prejudice as to Bates. In this connection it is to be noted that our decision in Gilman v. Bates, supra, affirmed the trial court's order of dismissal under its inherent power to dismiss. Under § 21–1–1 (41) (b), N.M.S.A. 1953, a dismissal under the inherent power of the court is an adjudication on the merits. Thus we must decide if the dismissal as to Bates operated as an adjudication upon the merits of the claims presented by the plaintiffs' complaint. We hold that the plaintiffs are barred.

■ Involved is the question of whether there is identity of the parties so as to bring into play the provisions of 41 (b), supra. Ordinarily, a grantee is in privity with his grantor and entitled to the benefits of judgments entered in favor of the grantor only if the judgments were prior to the conveyance of the property. 30A Am.Jur., Judgments, § 400; 1 Freeman on Judgments § 440 (5th ed.). However, there is a well-established exception to this general rule, which gives to the grantee the advantage of actions brought against the grantor after the issuance of the deed where the grantor generally warranted his title. The exception is based on the grantor's warranty of title, and any subsequent action against him involving the title and terminated in his favor inures to the benefit of the grantee by reason of the warranty or as a "transfer of title." 1 Freeman on Judgments, § 441 (5th ed.); Riddle v. Jay (Okl.1960), 356 P.2d 1074; Hughes v. Union Oil Co. of Arizona, 1942, 60 Ariz. 130, 136, 132 P.2d 640; and 1B Moore's Federal Practice 1258 (2d ed., 1965).

■ It is contended by the plaintiffs that Bates was not a proper party to this action, having no remaining interest in the proper-

ty, and that therefore the adjudication in favor of Bates did not operate as a bar against the defendants. Such a claim comes too late, particularly when the plaintiffs at no time asserted that Bates was not a proper party until after the disposition of Gilman v. Bates, supra. Having originally sued Bates and retained him as a party in the amended complaint, plaintiffs are hardly in a position to now claim that Bates was not a proper party to the litigation. In our judgment, Bates was certainly a necessary party, because the plaintiffs, by their first cause of action, instituted a direct attack on the 1952 quiet title decree and Bates having been the plaintiff therein, it was essential that he be made a party defendant. See, Harwood v. Railroad Company, 1872, 17 Wall. 78, 84 U.S. 78, 21 L.Ed. 558; Warfield v. Marks (5th Cir. 1951), 190 F.2d 178, cert. den. (1951), 342 U.S. 887, 72 S.Ct. 176, 96 L.Ed. 665; Ray v. Carr (1939), 71 App. D.C. 37, 107 F.2d 238; Bonougli v. Guerra (Tex.Civ.App.1926), 286 S.W. 344; American Spiritualist Ass'n v. City of Dallas (Tex.Civ.App. 1963), 366 S.W.2d 97; Little v. King, 1955, 211 Ga. 872, 89 S.E.2d 511; Lankford v. Tanner, 1949, 205 Ga. 51, 52 S. E.2d 315. In any event, we are of the opinion that the defendants were in privity with Bates, that Bates was a necessary party, and that the provisions of 41 (b), supra, require a dismissal of this action. We are further persuaded in our conclusion by reason of our decision in Morris v. Fitzgerald, 1963, 73 N.M. 56, 385 P.2d 574. Although the Morris case was decided under Rule 41 (e) (§ 21–1–1 (41) (e), N.M.S.A. 1953), which provides for dismissal "with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action," whereas 41 (b), supra, provides that a dismissal under that section "operates as an adjudication upon the merits," the end result is the same.

Plaintiffs' whole case must of necessity be premised upon their successful efforts to set aside the 1952 quiet title action. In this they must fail, and it follows that there can be no recovery on the second

cause of action, which sought to quiet the title.

The judgment of the district court will be reversed and the cause remanded with directions to set aside the judgment and dismiss plaintiffs' action. It is so ordered.

COMPTON, J., and WOOD, J., Court of Appeals, concur.