[No. 5498.]
[No. 3168 C. A.]

PETTERSON V. PAYNE, WATER COMMISSIONER, ET AL.

1. Water Rights — Diversion from Tributary — Rights of Main Stream Appropriators — Burden of Proving No Injury — Presumptions.

Where defendant ditch company's headgate is located on a main stream several miles below the junction of a tributary on which plaintiff's headgate is located, and the latter, a junior appropriator, seeks to divert water from the tributary upon the claim that, if allowed to flow, it would not reach the company's headgate, and hence would cause it no injury, the burden is on plaintiff to prove such fact, as it will be presumed that the waters of a tributary, less evaporation, if not interfered with, will reach the main stream either by surface or subterranean flow.—P. 186.

2. Practice in Civil Actions—Correct Findings of Court Reached by Erroneous Reasoning—Effect.

In an action to establish the right to divert water from a tributary upon the claim that such diversion will not injure the priority right of a senior appropriator on the main stream, the court, in the course of its opinion or finding, stated that the party making such claim must conclusively prove it, but immediately thereafter said that the preponderance of the evidence was against plaintiff. Held, that, even if the rule stated was erroneous as placing a heavier burden on plaintiff than the law authorizes, still no possible harm was done under the evidence. —P. 186.

3. Appellate Practice—Findings of Court Based on Conflicting Evidence.

Where the evidence is conflicting, and the finding of the lower court is sustained by sufficient legal evidence, it will not be disturbed on appeal.—P. 188.

*Appeal from the District Court of Delta County.
Hon. Theron Stevens, Judge.*

Action by Martha J. Petterson against M. H. Payne, as water commissioner in District No. 40, and The Alfalfa Ditch Company, a corporation. From a judgment for defendants, plaintiff appeals.

*Affirmed.*

Mr. MILTON R. WELCH, for appellant.

Messrs. KING & STEWART, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Surface creek and Milk creek are natural streams in Delta county, the latter being a tributary of the former. The Alfalfa ditch, having its head-gate in Surface creek about four miles below the mouth of Milk creek, has the first priority to take water for irrigation therefrom. In the latter part of the irrigating season the combined waters of the principal and tributary streams are insufficient to supply that priority. The natural flow of Milk creek then becomes so far reduced that there is no surface flow in its channel where it empties into Surface creek and for some distance above, but farther up the stream there is always some water visible, the quantity varying from one-half of one cubic foot to one and one-half cubic feet per second of time.

After the owner of the Alfalfa ditch had perfected its appropriation, the plaintiff, Mrs. Petterson, built an irrigating ditch called the Cross ditch, which taps Milk creek several miles above its junction with Surface creek, and through this ditch she proposed to convey water across the intervening divide and into Surface creek, and run the same down that stream with the other waters therein for a distance of about seven miles and then take it out through the Bruner ditch, whose point of intake is on Surface creek about three and a half miles below the junction of the two streams, but above the head-gate of the Alfalfa ditch, and thus convey the water to her lands.

The case is not one where an appropriator seeks to divert from a natural stream a quantity of water

which, by some artificial means, he has contributed to its natural flow; but it is that of a junior appropriator who seeks to divert a part of the natural flow of a tributary, as against the rights of a senior appropriator from the main stream, upon the ground that the volume of water which is thus sought to be diverted at a point several miles above the junction of the two streams, if suffered to flow in its natural channel, will not reach the headgate of the ditch of the senior appropriator; hence the diversion from the tributary by the junior would result in no injury to the senior appropriator from the main stream.

Manifestly the burden of establishing such a case rests upon the plaintiff, and her proof should be satisfactory. The trial court found against plaintiff, and her assignment is that prejudicial error was committed in that a heavier burden was put upon her than the law authorizes. In the course of its opinion, or findings of fact, the court remarked that a party who makes such a claim should conclusively prove it; whereas, plaintiff says, she is required to prove her case only by a preponderance of the evidence. Whether the degree of proof indicated by the observation referred to is, or is not, essential in this sort of case, is not properly before us, as the trial court immediately proceeded to say that the preponderance of the evidence was against plaintiff. No possible harm, therefore, was done to her, even on her own theory.

The testimony in the case was conflicting. If we take that of plaintiff's witnesses alone, eliminating their conclusions and opinions, it is doubtful if there is enough definite or satisfactory evidence upon which to base a finding in her favor. The presumption is that the water of a tributary of a stream, less the evaporation, if not interfered with, will naturally reach the main stream either by surface or subter-

ranean flow. It is a well-known fact that in this arid region, expressly recognized by this court in several decisions, notably *Platte Valley Irrigation Co. v. Buckers Co.,* 25 Colo. 77, and *Medano Ditch Co. v. Adams,* 29 Colo. 317, "the subterranean volume of water which finds its way through the sand and gravel constituting the beds of the streams which traverse the country adjacent to the mountains of this section, are recognized as a part of the waters of the stream to the same extent as though flowing upon the surface." The court, in the *Buckers case,* said: "It will be presumed that water flowing in a natural channel, which reaches the banks of a stream and there disappears in the sands of the bed, augments the flow in the main stream by percolation, until the contrary is shown, and the burden of proof is on the party diverting such water to establish that it does not mingle with the main waters of the stream."

So here, when the plaintiff, by means of the Cross ditch, diverted waters of Milk creek, a tributary of Surface creek, to which, if the waters of the tributary reach the main stream, the defendant had prior right, it was incumbent upon plaintiff to show that none of the waters thus diverted, if permitted naturally to flow down the natural channel of the streams, would reach the headgate of the defendant's ditch.

Water should be conserved as much as possible in the arid region, so as to get the greatest amount of benefit that can be derived from it; yet, where one appropriator thus enters upon a stream and diverts water from it to which rights of others have already attached, it is incumbent upon him to show that his proposed diversion will not injuriously affect the prior vested rights.

The case is one of conflicting evidence, and as the finding of the court below is sustained by sufficient legal evidence, the established rule in this court will not permit interference therewith. The judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.