The bill is by a vendee for the specific performance of a contract for the sale of land, and to subordinate judgments recovered against the vendors after recording the contract. The property has been conveyed to the complainants since the commencement of the suit, and the bill now is, in effect, to remove the judgments as clouds from the title. The contract is dated September 28th, 1923, duly recorded January 14th, 1924, and was made by Julian Sobocinski and Leokadya Sobocinski, his wife, vendors, and Sadie Stack, vendee. The consideration was $2,400, of which $1,000 was paid at the execution of the contract, and the balance was to be paid "in installments of $50 per month on the 28th day of each and every month hereafter until the entire purchase price has been paid, at which time deed of conveyance is to be delivered" and "interest at five per cent. is to be charged and paid by the vendee on the unpaid principal sums; same to be paid when deed is to be delivered" * * * "the said deed shall be delivered and received at the office of Milton M. Unger, 763 Broad street, Newark, New Jersey, between the hours of ten in the forenoon and four o'clock in the afternoon as soon as the balance of the purchase price has been paid." Each monthly installment was promptly met, and the last fell due and was paid January 28th, 1926. The bill was filed April 30th, 1926. Six judgments were entered against the vendors, or one of them, pending the payment of the purchase price. The bill charges that the rights of the judgment creditors are subordinate to the complainant's contract of purchase, which some of them deny and set up that the contract is void as against them because of non-compliance with section 116 of the Conveyance act (Comp. Stat. p. 1573), which provides that recorded agreements for the sale of lands "shall be absolutely void as against subsequent judgment *Page 416 
creditors of the vendor * * * unless the vendee * * * within three months after the date fixed in such agreement for its consummation, or if no date shall be fixed in such agreement for its consummation then within three months after the date of such agreement * * * shall commence suit for the specific performance of said agreement, or for its rescission * * * and shall file notice of the pendency of such suit in the office of the clerk,"c. The time fixed by the contract for its perfection was the twenty-eighth day of the month stipulated for the payment of the last monthly installment, January 28th, 1926, "at which time," in the language of the agreement, "the deed of conveyance is delivered." The complainant contends that although the last installment of principal was paid on the last installment-due day the accrued interest, amounting to $99.10, had not been paid by her at that time, and that inasmuch as the vendors could not be compelled to convey until the full consideration was forthcoming, the consummation date was the day the interest was tendered, March 25th, 1926. This contention disregards language of the contract that the interest was to be paid "when deed is delivered," i.e., the time when the deed was to be delivered, and that both principal and interest were to be paid on the date fixed for the payment of the twenty-eighth monthly installment "at which time the deed is to be delivered." The argument confuses the manner of performance with the time fixed for the performance of the contract, and to accede to it as sound would be to permit the complainant to take advantage of her own default and, consequently, to extend the time of performance indefinitely. The exaction of the statute, that the date of consummation be stated in the agreement, or in lieu, that the time for performance shall run from the date of the agreement binds the complainant to the date for closing as nominated in the agreement, or to the date of the agreement, as the beginning of the three months' limitation for bringing the suit, and, in either choice, she has failed of compliance and her contract must be held to be null and void as to judgment creditors whose liens attached to the land. Gerba v. Mitruske, 84 N.J. Eq. 141. As to them the bill will be dismissed. *Page 417