John Phillip ZANNARAS, J. P. Robinson, Jr., and U. S. Tungsten Corporation, Appellants,

v.

BAGDAD COPPER CORPORATION, a Corporation, Appellee.

No. 15640.

United States Court of Appeals Ninth Circuit.

June 25, 1958.

John Phillip Zannaras, J. P. Robinson, U. S. Tungsten Corp., appellants, in pro. per.

Snell & Wilmer, Phoenix, Ariz., for appellee.

Before HEALY, FEE and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

In this suit, Zannaras, Robinson and U. S. Tungsten Corporation, hereinafter called "Zannaras," sought an injunction against Bagdad Copper Corporation, hereinafter called "Bagdad," to prevent the use, in different manner and quantity, of the water of a stream to the detriment of the vested rights of plaintiffs as prior appropriators of the waters.[1] The trial court held the evidence was insufficient to enable the court "to find as a fact that during critical months of the year, even if Bagdad closed its pumping operations, that water would reach the Zannaras point of diversion." Upon the record, this Court is compelled to reverse.

By the findings of the trial court in a previous case between the identical parties, it was found (1) that plaintiffs "are down stream prior appropriators and hold certificate of water right No. 1341, from the State, for 3,000,000 gallons of water annually, dated January 2, 1945, with priority to such water from August 27, 1940," and that their "water right was lawfully acquired and initiated prior to the acquisition by [Bagdad] * * * of its water right," (2) that their certificate of water right was not obtained by fraud, (3) that the water right was not forfeited by nonuse, and (4) that for approximately five summer months in each year there was no water at the diversion of Zannaras "due mainly to [Bagdad's] * * * pumping operations." The judgment in that case decreed that Zannaras have the right to take water at this lower point of diversion "without interference by [Bagdad's] * * * use, above."[2]

Plaintiffs did not set up in the complaint the basis of the previous decree, but did allege the facts, the priority

1. "Under the doctrine of appropriation, he who is first in time is first in right, and so long as he continues to apply the water to a beneficial use, subsequent appropriators may not deprive him of the rights his appropriation gives, either by diminishing the quantity or deteriorating the quality." Arizona Copper Company, Limited v. Gillespie, 12 Ariz. 190, 202–203, 100 P. 465, 469, affirmed 230 U.S. 46, 33 S.Ct. 1004, 57 L.Ed. 1384.

2. This Court affirmed the trial court in Bagdad Copper Corporation v. Zannaras, 9 Cir., 229 F.2d 920.

of their water right and the interference by defendant. The affirmance of the previous decree by this Court had not been announced either when the latter complaint had been filed or when the suit of Bagdad now before us was tried. However, the complaint was sufficient to permit proof of the facts underlying the previous decree which this Court affirmed. But there is another circumstance, which, whatever was decided in the prior case, may be controlling here. Although the action by plaintiffs and the prior suit by Bagdad were separate, the record shows that the two were so inseparably meshed together that whatever was decided in one is controlling in the other.

The trial court was then in error in two particulars. It was held in effect that the Bagdad use did not infringe upon the rights of Zannaras and that the burden of proof was upon Zannaras to show that water would have reached the point of diversion of Zannaras.[3]

 Both these positions are wrong. The evidence shows that Bag-

dad was pumping continuously year around. The junior appropriator must prove that the stream in its natural condition, without interference by a junior appropriator, would not have reached the point of diversion of Zannaras during the critical months.[4] Next, it would be fantastic to insist that the senior appropriator, as Zannaras was found to be by the trial court in the previous case, has the burden of proof to show that the diversion of Bagdad did not diminish the flow of water during the critical months. The junior appropriator, Bagdad, must establish by a preponderance of evidence that no action of his diminished the water which arrived at the point of diversion of the lower senior appropriator.[5]

 It is axiomatic in water law that the appropriator, be he junior or be he senior, always has the burden of establishing that a change in his diversion or in his use of water has not affected the rights of other appropriators[6] and even, in some states, of riparians.[7]

3. As stated by the court below in its memorandum opinion:
"The evidence submitted is not sufficient to enable the Court to find as a fact that during critical months of the year, even if Bagdad ceased its pumping operations, that water would reach the Zannaras point of diversion * * *
"Plaintiffs [Zannaras and Robinson] having failed to prove by a preponderance of the evidence that defendant [Bagdad] has appropriated any of plaintiffs' water, they are not entitled to an injunction."

4. "The burden rested upon [the junior upper appropriator] * * * to show that neither the surface nor underflow, if uninterrupted, would reach the point of diversion of * * * the senior appropriator." Neil v. Hyde, 32 Idaho 576, 586, 186 P. 710, 713 (on petition for rehearing). Petterson v. Payne, 43 Colo. 184, 95 P. 301. There seem to be no Arizona decisions on this exact point, but it is general law in the arid states. Kinney, Irrigation & Water Rights (2d ed.) § 1640, pp. 3003–3004.

5. See Santa Cruz Reservoir Company v. Ramirez, 16 Ariz. 64, 141 P. 120, where the trial court retained jurisdiction en-

joining and restraining the diversion by the junior appropriator until facts were established to convince the court that the contemplated diversion by the junior appropriator "worked no injury to the * * rights [of the senior appropriator]." Irion v. Hyde, 110 Mont. 570, 581, 105 P.2d 666. Moe v. Harger, 10 Idaho 302, 305–306, 77 P. 645. In an analogous situation: " * * * when one enters a field of water supply and seeks by appropriation to take water from such supply on the claim that there is more than sufficient for all reasonable beneficial uses by those who have the prior and preferential right * * * the appropriator * * * should have the burden of proving that such excess exists." Peabody v. City of Vallejo, 2 Cal.2d 351, 381, 40 P.2d 486, 498.

6. "The general rule is that given a right to the capture * * * of water * * one has the right to change the place of * * * diversion so long as other users' rights are not impaired." Fritsche v. Hudspeth, 76 Ariz. 202, 204, 262 P. 2d 243. See Terliamis v. Cerise, 133 Colo. 329, 295 P.2d 224.

7. There are no riparian rights in Arizona. In states where such a right exists in

This brings us to the second mistake of the trial court. The burden was upon the junior appropriator and not upon the senior. When the trial court entered a finding that it was unable to find whether water would have reached the point of the Zannaras diversion even if Bagdad ceased its pumping operation, the case was decided for Zannaras.

Unfortunately, the judgment reads against Zannaras and in favor of Bagdad.

Reversed.

modified form, this rule is applied: "* * * where the supply of water in the stream is limited, the presumption is that the riparian lands require all of the waters of the stream, and the burden is upon the nonriparian appropriator * * * to show that no riparian right will be injured by his appropriation." Brown v. Chase, 125 Wash. 542, 553, 217 P. 23, 26.