the relation of pledgor and pledgee. The providing of these funds in no way makes the broker the agent of the customer. See also Richardson v. Shaw, 209 U.S. 365, 28 S.Ct. 512, 52 Law Ed. 835; In re Wittenberg's Estate, 202 Cal.App.2d 867, 21 Cal. Rptr. 258; Hunt v. Rosenbaum Grain Corporation, 355 Ill. 504, 189 N.E. 907; Hadfield v. Tracy, 101 Conn. 118, 125 A. 199, 34 A.L.R. 581; In re Mercantile Trust Co., 210 N.Y. 83, 103 N.E. 884; Lamprecht v. State, 84 Ohio St. 32, 95 N.E. 656; Meyer, The Law of Stock Brokers & Stock Exchanges, pp. 253–255. The result is that at the time of each of the acts complained of by Miller, there was no "fiduciary relationship" between the parties. If there existed no relationship between the parties to create a duty, then there could be no breach of that duty and consequently no negligence.

Judgment of the trial court is reversed and it is further ordered that judgment be entered for appellant.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concurring.

NOTE: Chief Justice STRUCKMEYER, having disqualified himself, the Honorable MARY ANNE RICHEY, Judge of the Superior Court of Pima County, Arizona, was called to sit in his stead and participate in the determination of this appeal.

410 P.2d 662

Edna (Van-y) MARKEL, Appellant,

v.

PHOENIX TITLE & TRUST CO., Trustee, and Virginia R. Van-y, Appellees.

No. 7525.

Supreme Court of Arizona.

In Division.

Feb. 2, 1966.

Alan Philip Bayham, Phoenix, for appellant.

Carl W. Divelbiss, Phoenix, for appellees.

BERNSTEIN, Vice Chief Justice.

Plaintiff, Edna Markel, appeals from the judgment of the Superior Court of Maricopa County, granting defendant's motion for judgment at the close of plaintiff's case. Plaintiff was divorced from Earl E. Van-y in December of 1939 in Wichita, Kansas. Defendant, Virginia Van-y was married to Earl E. Van-y from February 1941, to the time of his death, in Wichita, in April, 1959. Before her husband's death defendant sold a parcel of land situate in Arizona previously held in his name. It is this sale which gave rise to the present cause of action. Simply stated, plaintiff seeks to impose a constructive trust on one-half of the $25,000 realized from the sale of this realty in Maricopa County, Arizona.

On December 13, 1939, the District Court of Sedgwick County, Kansas, entered the following judgment in the divorce proceedings:

"The Court further finds that a property settlement has been entered into in lieu of alimony, which is satisfactory to the parties, and the same is hereto attached and marked Exhibit A, and made a part hereof just as fully and completely as if herein set out."

\* \* \* \* \* \*

"It is further CONSIDERED, ORDERED, ADJUDGED and DECREED that the property settlement between the plaintiff and defendant, in lieu of alimony, be and the same is hereby approved."

The following is Exhibit A, part of the property settlement approved by the Kansas court:

"NOW, THEREFORE, In consideration of the covenants and agreements hereinafter contained, said second party (Earl E. Van-y) agrees to give to first party (plaintiff) one-half interest in any funds that may be obtained through lease sale or disposal in any way of a certain twenty (20) acres, covering the following described property, to-wit:"

■ Defendant contends this Kansas settlement was in lieu of alimony in that it was not for a definite and fixed sum and it was void. However, Feldmann v. Feldmann, 166 Kan. 699, 204 P.2d 742 holds that property settlements, as distinguished from alimony, need not be for a fixed sum. The following quote from the Feldmann case supports plaintiff:

"\* \* \* The trouble with appellant's position is that the decisions on which he relies are not in point and that he entirely overlooks another line of cases, applicable to the facts and circumstances here involved, *holding there is a distinct difference between what the court has authority to do under the statute with respect to alimony in a*

*divorce case and what the parties may agree upon.* We are not disposed to labor those decisions. It will suffice to say they hold, see Hyde v. Hyde, 143 Kan. 660, 56 P.2d 437, Petty v. Petty, 147 Kan. 342, 76 P.2d 850, and cases therein cited, a husband and wife may enter into a marriage settlement whereby they agree upon a division of property as between themselves and payments to be made by the husband to the wife for the care and support of their children, including maintenance of the wife as well while such children are in her care and custody, and that such an agreement, where it has been freely and fairly made, may be made a part of the judgment in a divorce action and that the judgment thereby entered as to payments to be so made to the wife is valid even though the sum total of such payments is neither itemized as to purpose nor definitely fixed as to amount. * * *" (Emphasis in original.)

Further, defendant is attempting to collaterally attack a sister state judgment without first showing there was a lack of jurisdiction over the parties or of the subject matter. In Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186, the Supreme Court said:

"However, while it is established that a court in one State, when asked to give effect to the judgment of a court in another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the modern decisions of this Court have carefully delineated the permissible scope of such an inquiry. From these decisions there emerges the general rule that a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." 375 U.S. at 111, 84 S.Ct. at 245.

Defendant further contends the judgment of the Kansas court attempted to transfer title to land situated in Arizona and this is in violation of the principle enunciated in Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 which prohibits one jurisdiction from directly affecting title to land in another jurisdiction. The Kansas court expressly left title in the name of Earl E. Van-y and gave plaintiff a "one-half interest in any *funds* * * * obtained through lease or sale" (emphasis added) of the property. We believe MacDonald v. Dexter, 234 Ill. 517, 85 N.E. 209, is quite similar to the case before us. There, a Missouri court *denied* a party an interest in the proceeds of land situated in Illinois. All parties in interest were before the Missouri court. Illinois held that an adjudica-

-tion as to an interest to *proceeds* in land situated in Illinois was not an adjudication directly as to the title of the land itself. The court explained its holding as follows:

"* * * This contract obviously was not intended to give appellant any right to have a portion of the land in question conveyed to him or to give him any interest of any kind in the land itself, but only an interest in the net profits that might arise from its sale. Whatever right or claim appellant might have as to the profits would not require the court to deal directly with the land itself, and would not, therefore, affect the real estate; hence it affords no objections to the jurisdiction of the Missouri court, which had all the parties in interest before it, even though the land out of which the profits were to arise was without the jurisdiction of the court. * * *" 234 Ill. at 524, 85 N.E. at 212.

▮▮ Defendant contends there is a lack of privity between her and her deceased husband so that she takes his land free of the constructive trust plaintiff asserts exists in her favor. We find the law is against defendant on this issue for,

'"* * * A privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase."'

In re Hanson's Estate, 126 Cal.App.2d 71, 77, 271 P.2d 563, 567. Cited with approval in National Public Service Insurance Co. v. Welch, 81 Ariz. 156, 302 P.2d 926.

No useful purpose would be served in taking up in minute detail all of the various encumbrances and conveyances prior to the date defendant obtained her warranty deed to the land in issue. Suffice it to say that on February 12, 1957 Earl E. Van-y transferred a warranty deed to his attorney O. W. Helsel; that on May 5, 1957, O. W. Helsel transferred a quit claim deed to Galen Childers (defendant's brother-in-law); that on May 17, 1957 Galen Childers transferred a warranty deed to defendant and on September 6, 1957, Earl E. Van-y gave defendant a disclaimer deed. Defendant admitted, at trial, she was at all times aware of plaintiff's property settlement of 1939. Further, the consideration in the final conveyance to her was $500 and the land shortly thereafter sold for $25,000.

▮▮ When a judgment is decided against plaintiff at the close of his case, the appellate tribunal must consider the evidence and inferences to be drawn therefrom in a light most favorable to plaintiff. We believe the facts in this case brought out at trial create a prima facie case of constructive fraud. See Joseph v. Tibsherany, 88 Ariz. 205, 354 P.2d 254.

■ A constructive trust expresses the idea that a defendant is under an equitable duty to give the complainant the benefit of property held. A wrongful holding begs relief whether the type of injustice is old or new regardless of whether actual fraud exists.

"* * * where actual fraud does not exist in the acquisition of property, a constructive trust will arise whenever the circumstances make it inequitable that the property should be retained by the one who holds the legal title. * * * The forms and varieties of these trusts are practically without limit and the principle is applied wherever it is necessary for the obtaining of complete justice." Linder v. Lewis, Roca, Scoville and Beauchamp, 85 Ariz. 118, 123, 124, 333 P.2d 286, 290.

See Bogert on Trusts, § 471, Second edition.

"* * * A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee. * * * A court of equity in decreeing a constructive trust is bound by no unyielding formula. The equity of the transaction must shape the measure of relief." Cardozo, C. J., in Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 386, 389, 122 N.E. 378, 380, 381.

■ Finally, appellee contends that appellant's first assignment of error does not specify with particularity the error relied upon. However, Rule 5(c), 17 A.R.S. having been deleted by this court there is no merit in this argument. Nor do we believe that the defense of laches is here applicable. It was not necessary for appellant to enforce her right to an interest in one-half of the funds from the sale of the twenty acres until there was a bona fide sale.

In that defendant never presented her case there must be a new trial consistent with this decision. The judgment of the trial court is reversed.

STRUCKMEYER, C. J., and UDALL, J., concurring.