435 P.2d 714

Edna (Van–Y) (Stanley) MARKEL,
Appellant,

v.

TRANSAMERICA TITLE INSURANCE
COMPANY, formerly known as Phoenix
Title and Trust Company, Trustee, and
Virginia R. Van–Y, Appellees.

No. I CA–CIV 538.

Court of Appeals of Arizona.

Jan. 5, 1968.

Rehearing Denied Jan. 25, 1968.

Review Granted Feb. 27, 1968.

**586**

Alan Philip Bayham and Raymond Huff-steter, Phoenix, for appellant.

Divelbiss & Gage, by G. David Gage and Carl W. Divelbiss, Phoenix, for appellees, Transamerica Title Ins. Co.

CAMERON, Chief Judge.

This is an appeal from an order of the Superior Court granting the motion of the defendant, Transamerica Title Insurance Company, previously Phoenix Title and Trust Company, for summary judgment. We are called upon to answer the following questions:

1. Is a judgment of a trial court, which is not stayed pending appeal, valid and enforceable until such time as it is reversed on appeal?

2. Could the appellant have enjoined or prevented the trustee, Transamerica Title, from disbursing funds in the trust pending determination of the matter on appeal?

3. Under the facts in this case was the appellee, Transamerica Title, a constructive trustee for the benefit of the appellant?

4. Was summary judgment properly granted?

The facts necessary for a determination of this matter on appeal are as follows: The plaintiff-appellant, Edna Markel, was previously married to one Earl Van-Y, and the parties were divorced in December 1939 in Wichita, Kansas. In the property settlement agreement approved by the court in the Kansas divorce the husband agreed to give the plaintiff one-half interest in any funds that he might obtain through resale or disposal of some twenty acres of land in Maricopa County, title to said land being in the name of the husband.

The defendant, Virginia Van-Y, was married to Earl E. Van-Y from February 1941 until the time of his death in Wichita in April of 1959. Before Mr. Van-Y's death, and after conveyances of the property from the husband through others to the defendant, the defendant entered into escrow instructions for the sale of the 20 acres wherein she was described as the "wife of Earl Van-Y dealing with her sole and separate property". A trust agreement was also signed which provided that Virginia R. Van-Y was to be the first beneficiary and Phoenix Title the trustee. The sale of the property was for the amount of $25,000.

On 30 April 1959 plaintiff, Edna Markel, filed a complaint to impose a constructive trust on one-half of the proceeds of the sale of the property. At that time a temporary injunction was entered against Phoenix Title restraining it from paying any monies to Virginia R. Van-Y until such time as Phoenix Title had turned over to plaintiff approximately one-half of the sale price of the property plus interest. The defendant Virginia Van-Y answered and Phoenix Title and Trust Company was defaulted. Judgment was entered in favor of the defendant, Virginia Van-Y, on 11 October 1961 from which order the plaintiff, Edna Markel, appealed to the Supreme Court of the State of Arizona. The contest in the Supreme Court of Arizona was between Edna Markel and Virginia R. Van-Y, with Phoenix Title at most a nominal party. The Supreme Court of the State of Arizona in the matter titled Markel v. Phoenix Title and Trust Company, 100 Ariz. 53, 410 P.2d 662 (1966), reversed and remanded the cause for new trial stating:

"We believe the facts in this case brought out at trial create a prima facie case of constructive fraud. (citations omitted).

"A constructive trust expresses the idea that a defendant is under an equitable

duty to give the complainant the benefit of property held. A wrongful holding begs relief whether the type of injustice is old or new regardless of whether actual fraud exists."

And:

"In that defendant never presented her case there must be a new trial consistent with this decision." 100 Ariz. 57, 58, 410 P.2d 665.

Although a temporary injunction had been previously entered restraining Phoenix Title from disbursing the funds under the trust agreement, the judgment of the trial court quashed all restraining orders and injunctions. After notice of appeal by the plaintiff, no supersedeas bond or injunctive relief was requested by the plaintiff pending the appeal. We are concerned in this matter of what liability, if any, Phoenix Title, now Transamerica Title, has incurred because of the disbursal of all the funds out of the trust during the time the matter was on appeal, from 13 November 1961 when the notice of appeal was filed and the opinion of the Supreme Court on 2 February 1966.

Although the first trial was between Edna Markel and Virginia Van-Y with Phoenix Title at most a stakeholder, the trial upon remand was between Edna Markel, trying to impress a constructive trust upon Phoenix Title as constructive trustee, with Virginia Van-Y not participating, she having received all the money due as first beneficiary under the trust. Summary judgment was granted as to the defendant Transamerica Title, and from this judgment the plaintiff again appeals.

## WAS THE JUDGMENT OF THE LOWER COURT VALID PENDING APPEAL?

Counsel have cited no Arizona cases exactly in point regarding the effect of the judgment from which an appeal is taken without supersedeas, although the two cases of Stuart v. Winslow Elementary School District #1, 100 Ariz. 375, 414 P.2d 976 (1966) and School District #1 of Navajo

County v. Snowflake Union High School District, 100 Ariz. 389, 414 P.2d 985 (1966), as well as the U. S. District Court case of Zannaras v. Bagdad Copper Corp., 260 F.2d 575 (1958), would indicate that in Arizona persons or parties not restrained or enjoined by supersedeas or by way of other orders of the court may rely upon a judgment of a court until reversed by an appellate court.

The cases from other jurisdictions are in conflict as to whether the pendency of an appeal affects the operation of a judgment as res judicata. See Annotation 9 A.L.R.2d 984 and 2 A.L.R.3rd 1384. We believe from the rationale of Arizona cases (op. cit.) that the rule in Arizona is:

"A judgment rendered by a court having jurisdiction of the parties and the subject matter protects the parties acting under it before reversal or stay, and constitutes a sufficient justification for all acts done in its enforcement before it is reversed or set aside by competent authority. Acts done under such a judgment cannot be made the basis of an action for damages for tort. However, all proceedings taken under the judgment are dependent for their validity on the judgment being sustained—when it is reversed or set aside, the party to the record who has received the benefit thereof must make restitution to the other party of money or property received under it." 5 Am.Jur.2d, Appeal and Error, § 997, page 424.

Although the defendant, Virginia Van-Y, might be liable to the plaintiff for the money she has received (the benefit of the judgment), we do not believe that the appellee, Transamercia Title, is liable for the disbursements made in reliance upon the judgment granted in favor of Virginia Van-Y in the lower court:

"The reversal of a judgment does not make void what has been done under it. (citations omitted) A judgment, even though later reversed, protects one who acts under it. What is lawful when done does not become unlawful by reason of

subsequent acts any more than acts which were not criminal when committed can be made criminal by subsequent occurrences. The court in entering a judgment does not act as agent for either party, and a litigant does not procure a judgment in any such sense as to render him responsible for the consequences of the judgment on its reversal by a higher court. A subsisting judgment of a court which had jurisdiction of the parties and the subject-matter constitutes a complete justification for all acts done in its enforcement until it is reversed." Berthold-Jennings Lumber Co. v. St. Louis, I. M. & S. Ry. Co., 80 F.2d 32, 39, 102 A.L.R. 688 (Court of Appeals 8th, Mo. 1935, cert. denied 297 U.S. 715, 56 S.Ct. 591, 80 L.Ed. 1001.) See also Koppel v. Olaf Realty Corp., 62 N.J.Super. 103, 162 A. 2d 306 (1960).

We therefore believe in absence of such action by the parties and court which would clearly direct the appellee, Transamerica, to refrain from paying these funds that Transamerica not only could legally disburse them, but, indeed, was under an obligation to do so by virtue of the trust agreement under which it was collecting funds from the purchaser.

## COULD AN INJUNCTION OR STAY HAVE BEEN OBTAINED?

█ Appellant contends that she could have obtained no injunctive relief pending the appeal, and therefore it would be unjust to hold that her failure to seek and obtain injunctive relief pending appeal excused Transamerica Title in disbursing the funds under their trust. With this we do not agree. The rules and statutes of our State are more than adequate to protect an appellant in this type of situation upon proper application. § 12–1801 A.R.S., Rule 62(d), (e), and (h), Rules of Civil Procedure, 16 A.R.S. Rule 62(h) provides:

"The provisions in this Rule do not limit any power of the appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

## WAS TRANSAMERICA TITLE A CONSTRUCTIVE TRUSTEE?

It is contended by the appellant that the appellee, Transamerica Title, is liable for wrongly disbursing the proceeds to Mrs. Van-Y because it was a constructive trustee for the benefit of the appellant. The Supreme Court in Markel v. Phoenix Title and Trust Company, supra, 100 Ariz. at page 58, 410 P.2d at page 665, adopted a definition of a constructive trust from Bogart on Trusts, § 471, page 8:

"A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee. * * * A court of equity in decreeing a constructed trust is bound by no unyielding formula. The equity of the transaction must shape the measure of relief."

And in this regard has said:

"Whether the facts are sufficient to constitute actual fraud is unnecessary to decide. Even where actual fraud does not exist in the acquisition of property, a constructive trust will arise whenever the circumstances make it inequitable that the property should be retained by the one who holds the legal title." Linder v. Lewis, Roca, Scoville & Beauchamp, 85 Ariz. 118, 123, 333 P.2d 286, 290 (1958).

█ There is nothing in the record to indicate that Transamerica Title acted in such manner that the "conscience of equity" would impose a constructive trust upon it. It knew of the judgment of the Superior Court and had every right to rely upon said judgment until the judgment was reversed

or it was enjoined. Nothing in the opinion of our Supreme Court in Markel v. Phoenix Title and Trust Company, supra, indicates that Phoenix Title was a constructive trustee. On the contrary, a careful reading of that opinion indicates that the Supreme Court concerned itself only with the question of whether the defendant, Virginia Van-Y, was a constructive trustee of the proceeds of the trust wherein she was the first beneficiary and Phoenix Title the trustee. Nothing was said to indicate that Phoenix Title was a constructive trustee. The appellant is limited to a claim against Mrs. Van-Y and not from Transamerica Title. We find no error in the trial court's determination that Transamerica was not a constructive trustee.

## WAS THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PROPERLY GRANTED?

The final point raised by the appellant is the granting of the motion for summary judgment. Rule 56(e) of the Rules of Civil Procedure states:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." (Emphasis ours.)

In the instant case Transamerica Title moved for summary judgment supported by affidavit and memorandum. Plaintiff responded by "Reply to Motion" which contained memorandum of authority.

The court in the judgment recited as follows:

"It appearing and the Court finding that the plaintiff did not respond to the Motion for Summary Judgment other than by her Memorandum filed herein, as aforesaid, and

"It further appearing and the Court finding that the pleadings, depositions, and admissions on file, together with the affidavit filed on behalf of Transamerica Title Insurance Company, show that there is no genuine issue as to any material fact as between the plaintiff and Transamerica Title Insurance Company, Trustee."

Appellant contends in its brief that "there was nothing to controvert, and therefore, no controverting affidavit was necessary."

■ Although our Supreme Court has stated that the 1963 amendment to Rule 56 (e) did not change the meaning of the rule but merely clarified what had always been their purpose, Wakeham v. Omega Construction Company, 96 Ariz. 336, 395 P.2d 613 (1964), we feel that by adding the words "if appropriate" in the last line of Rule 56(e) makes it clear that where a party fails to controvert an affidavit in support of a motion for summary judgment, the court may grant the motion for summary judgment only when it finds from the record that the granting of the motion is appropriate.

■ In the instant case construing the record in a light most favorable to the party opposing the motion, Madsen v. Fisk, 5 Ariz.App. 65, 423 P.2d 141 (1967), we feel the court was correct in granting the motion for summary judgment.

Judgment affirmed.

DONOFRIO, J., and WILLIAM H. GOODING, Superior Court Judge, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter Judge WILLIAM H. GOODING was called to sit in his stead and participate in the determination of this decision.